UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>)<br>**v.** )<br>)<br>**MARK ALAN DEAKINS,** )<br>)<br>**Defendant.** ) | No. 1:21-CR-58<br><br>JUDGE ATCHLEY/LEE |

## UNITED STATES' MOTION FOR PROTECTIVE ORDER

The United States of America, by and through Francis M. Hamilton III, Acting United States Attorney for the Eastern District of Tennessee, hereby applies for a Protective Order pursuant to 21 U.S.C. § 853(e)(1)(A) and 18 U.S.C. § 2253(b), restraining Defendant, Mark Alan Deakins, his agents, servants, employees, attorneys, family members, those persons having any interest or control over the property described herein or any corporate entity claiming an ownership interest in the property described herein, and those in active concert or participation with Defendant, from transferring, encumbering, or attempting or completing any action that would affect or diminish the marketability or value of certain property or assets of Defendant. The United States requests this protective order with respect to property which is subject to forfeiture pursuant to 18 U.S.C. § 2253. The specific property for which the protective order is sought is identified as follows:

> Real Property located at 2305 Wilder Street, Chattanooga, TN 37406, owned by MARK ALAN DEAKINS, more particularly described as:
>
> IN THE CITY OF CHATTANOOGA, HAMILTON COUNTY, TENNESSEE:
>
> Three (3), Searle's Subdivision of Block 6, Glass Farm, as shown by plat of record in Plat Book 5 page 45, in the Register's Office of Hamilton County, Tennessee.
>
> TAXES for the year 2008 are to be assumed by the grantee(s).

SUBJECT TO any governmental zoning and subdivision ordinances and regulations in effect thereon.

For further reference see Quit Claim Deed filed and recorded on February 8, 2008, in Deed Book 8585, Page 810, in the Register's Office of Hamilton County, Tennessee, Instrument Number 2008020800172.

(hereinafter "real property")

In support of this Motion, the United States submits the following:

1. On June 16, 2021, a federal grand jury sitting in this District returned an Indictment (Doc. 9) charging Defendant with violations of 18 U.S.C. § 2251(a) and alleging forfeiture allegations pursuant to 18 U.S.C. § 2253.

2. The Indictment notifies Defendant that the United States will seek forfeiture of the real property as part of the sentence in accordance with the applicable statutes. The Indictment further includes notice that to the extent that the United States is not able to locate all forfeitable property, the United States will seek the forfeiture of substitute property.

3. The real property is subject to forfeiture because it facilitated Defendant's charged criminal activity.

4. The Indictment returned by the Grand Jury establishes probable cause and is itself a sufficient basis for the issuance of a protective order. The United States submits that the requested protective order, in its terms and scope, is reasonable. In order to restrain assets pre-trial, there must be probable cause to believe "(1) that the defendant has committed an offense permitting forfeiture, and (2) that the property at issue has the requisite connection to that crime." *Kaley v. U.S.,* 571 U.S. 320, 323-24 (2014) (citing 21 U.S.C. § 853(a)).

5. The provisions of 21 U.S.C. § 853(e)(1)(A), as incorporated by 18 U.S.C. 2253(b), expressly authorize the Court to enter a protective order "upon the filing of an indictment or information" that charges a violation of a statute for which criminal forfeiture is authorized under 21 U.S.C. § 853 and/or 18 U.S.C. § 2253(b), and alleges that in the event of conviction, the property is subject to forfeiture under 18 U.S.C. § 2253. No requirement exists for notice or an evidentiary hearing prior to the issuance of the protective order. *Id.* A protective order is properly entered without first conducting a hearing, because the "circumstances addressed by § 853(e)(1)(A) present an extraordinary situation, thus justifying the absence of a pre-protective order hearing." *United States v. Monsanto*, 924 F.2d 1186, 1192 (2d Cir. 1991). Further, this order, if issued pursuant to an indictment, does not expire until the conclusion of this case.

6. The United States seeks a protective order to preserve the *status quo* and to secure itself so that, upon the entry of a judgment of forfeiture, the United States will be able to satisfy that judgment of forfeiture. The Indictment establishes probable cause to believe that the real property, in the event of conviction, would be subject to forfeiture under 18 U.S.C. § 2253.

WHEREFORE, the United States respectfully requests that this Court enter a Protective Order pursuant to 21 U.S.C. § 853(e)(1)(A), as incorporated by 18 U.S.C. § 2253(b), restraining Defendant, his agents, servants, employees, attorneys, family members, those persons having any interest or control over the real property or any corporate entity claiming an ownership interest in the real property, and those in active concert or participation with Defendant, from transferring, encumbering, or attempting or completing any action that would affect or diminish the marketability or value of, the real property.

A proposed Protective Order is submitted herewith.

                        Respectfully submitted,

                        FRANCIS M. HAMILTON III
                        Acting United States Attorney

BY:    *s/ Steven S. Neff*
           Steven S. Neff, BPR # GA 537187
           Assistant U.S. Attorney
           1110 Market Street, Ste. 515
           Chattanooga, Tennessee 37402
           (423) 752-5140
           Steven.Neff@usdoj.gov

           *s/James T. Brooks*
           James T. Brooks, TN BPR #021822
           Assistant U.S. Attorney
           1110 Market Street, Ste. 515
           Chattanooga, Tennessee 37402
           (423) 752-5140
           James.Brooks@usdoj.gov