IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
At Chattanooga

UNITED STATES OF AMERICA )
    *Plaintiff*, )
    )    CAUSE NO. 1:21-Cr-0058-CEA-SKL
v. )
    )    MOTION TO SEVER COUNTS
MARK DEAKINS, )
    *Defendant.* )

## MOTION TO SEVER COUNTS

COMES NOW the Defendant, Mark Deakins, by and through his attorney, and respectfully moves this court to sever Counts One and Two from Counts Three through Five in the Second Superseding Indictment. (Doc. No. 43). In evaluating Defendant's motion, the court first considers whether the offenses were properly joined under the standards established in Federal Rule of Criminal Procedure 8(a). However, even if joinder of the offenses is proper pursuant to Rule 8(a), the Court has the discretion to order severance under Federal Rule of Criminal Procedure 14(a) if the Court finds that Mr. Deakins would suffer "undue prejudice" from keeping the counts joined in a single trial.

## JOINDER

Rule 8(a) provides three potential bases for which multiple offenses can be properly joined in a single indictment: (1) the offenses are of same or similar character; (2) the offenses are based on the same act or transaction; or (3) the offenses are connected with or constitute parts of a common scheme or plan. Rule 8(a) "should be construed in favor of joinder, it is also true that failure to meet the requirements of this rule constitutes misjoinder as a matter of law." *United States v. Hatcher*, 680 F.2d 423, 440 (6th Cir. 1982). Moreover, an indictment that does not comply with the rules of 8(a), requires the remedy of severance of counts. *Id.* at 441. Furthermore, whether joinder was proper, the Court

must look to the allegations in the indictment. *United States v. Frost, 125* F.3d 346, 389 (6th Cir. 1997). Lastly, the heart of Rule 8(a) is judicial economy, which is to "promote the goals of trial convenience and judicial efficiency." *United States v Wirsing*, 719 F.2d 859, 862 (6th Cir. 1983).

Furthermore, the Sixth Circuit has emphasized prongs two and three when the offenses are tangentially of a similar character. For example, in *U.S. v. Chavis*, the Court found misjoinder of a gun and drug charge, because the gun charge occurred in September of 1997 and the possession of cocaine base in June 1999. *U.S. v. Chavis* 296 F.3d, 450, 458 (2002). It was clear the two offenses were not connected by a common scheme or plan and the offenses certainly weren't based on the same act or transaction. *Id*. Also, the court noted that the face of the indictment did not allege a common thread between the two offenses. *Id.* Further, the court noted the minimal judicial efficiency, which is the "predominant consideration" of Rule 8(a), to having these charges joined in a trial, because the offenses arose out of separate and unrelated transactions. *Id. at* 460.

The Indictment in this case alleges violations of Federal law that occurred during three different periods of time. Count One alleges a violation of 18 U.S.C § 2421 by knowing transporting a minor to Florida occurring in or about November 1998 and continuing until in or about June 2000. Count Two charges a violation of 18 U.S.C § 2251(a) starting in or about 2006 and continuing until in or about 2007. Finally, Counts Three, Four and Five all alleges violations of Federal law occurring in 2018. The offenses in the Second Superseding Indictment allege violations of Federal law separated by as much as two decades, and as such, the offenses are not based on the same act or transaction.

Moreover, there isn't a nexus of the offenses that constitute parts of a common scheme or plan, as the offenses allegedly occurred over a twenty-year period. However, the offenses can potentially be characterized as having a similar character. On the other hand, a single trial of three alleged victims covering three distinct time periods is not more efficient than having three separate trials. As a result,

the sprit of Rule 8(a) isn't being furthered by joinder in Mr. Deakins's case. Also, the only evidentiary overlap based on the face of the Indictment in the counts are in Counts Three through Five. Lastly, two of the three prongs of Rule 8(a) fail miserably, and the similar character prong—given there's Five Counts and allegations Mr. Deakins violated three distinct federal laws—isn't enough to satisfy the requirements of Rule 8(a) of the Federal Rule of Criminal Procedure.

## **SEVERANCE**

Even when joinder is proper under Rule 8(a), severance may still be appropriate. Rule 14(a) provides a trial court discretion to sever a prejudicial joinder. *U.S. v. Critton*, 43F.3d 1089, 1098 (6th Cir. 1995). In evaluating a severance motion, a trial court balances any possible prejudice to the defendant against the interest of efficiency. *United States v. Perkins*, 926 F.2d 1271, 1280 (1st Cir. 1991). In determining whether a defendant will be unduly prejudiced, a court considers several factors, including 1) the factual overlap between counts, (2) the extend to which evidence of guilt is overwhelming for each charge; (3) the inflammatory nature of each charge; and (4) the likelihood of jury confusion.

As a preliminary matter, the expected evidence presented at trial includes testimony from the alleged victims as well as pictures and videos. As a result, each alleged victim is expected to take the stand and be subjected to cross-examination and confronted with any impeachment evidence. There is no factual overlap between Counts One, Two and Three, although there is between Counts Three through Five. The second prong must fail, because evidence of Counts One, Two and Three are unlikely to be independently admissible under Rule 404(b) of the Federal Rules of Evidence. In fact, the joinder of Counts One, Two and Three curtails the Court's ability to rule on the admissibility of evidence under 404(b).

Moreover, the primary concern with joinder in this case is the jury determining guilt based on improper character evidence. For example, should these counts remain joined, there is a high probability a jury would determine guilt based solely on the cumulative allegations, or conclude guilt on all counts based on the evidence presented related to one charge. This risk is so severe that an admonitory instruction would not cure the prejudice. As such, the only cure is to sever the counts.

Furthermore, the quintessential balancing test between judicial economy and prejudice to Mr. Deakins also weighs heavily in favor of severing the counts. As previously noted, all three alleged victims are expected to give testimony regarding allegations that are in no way connected to one another. In essence, keeping the counts joined would create three mini-trials, which is in no way efficient. On the other hand, should the counts remain joined, the potential prejudice to Mr. Deakins is evident. For example, it is expected witnesses in Count One and Count Two will have potential impeachment evidence, but the jury could find the evidence in Count Three so overwhelming that it ignores evidence in Count One and Count Two, including the credibility of witnesses associated with those Counts.

## **CONCLUSTION**

Mr. Deakins submits that under Rule 8(a), the Second Superseding Indictment improperly joins Count One and Count Two with Counts Three through Five. Moreover, under Rule 14(a), Count One and Two should be severed from Counts Three through Five, because severance of the counts is just as economical as keeping the counts joined in a single trial, and the prejudice to Mr. Deakins in keeping the counts joined is immense due to the inflammatory nature of each charge, as well as the likelihood evidence would not be independently admissible under Rule 404(b). As a result, Count One and Count Two should be severed from Counts Three through Five.

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | Respectfully submitted, |
| 6 | FEDERAL DEFENDER SERVICES OF |
| 7 | EASTERN TENNESSEE, INC. |
| 8 | By:  *s/ J. Damon Burk* |
| 9 | J. Damon Burk<br>Assistant Federal Defender |
| 10 | 835 Georgia Avenue, Suite 600<br>Chattanooga, Tennessee 37402 |
| 11 | (423) 756-4349<br>WA Bar # 41352 |