UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:21-CR-58 |
| v. | ) Judges Atchley/Lee |
| | ) |
| MARK ALAN DEAKINS | ) |

## RESPONSE TO MOTION TO SEVER

The defendant moves to sever the counts for trial. (Doc. 56.) Pursuant to Federal Rule of Criminal Procedure 8, the counts are properly joined in the Second Superseding Indictment—the alleged offenses are of a similar character: for 20 years the defendant groomed, exploited, and recorded young boys engaged in sexually explicit conduct. Judicial economy and efficiency call for joinder. Federal Rule of Criminal Procedure 14 permits severance if joinder will cause prejudice. The defendant cannot show prejudice. The government objects to severance and hereby responds.

## BACKGROUND

Count 1 alleges the defendant traveled to Florida with the intent to engage in illegal sexual contact with C.C., in violation of 18 U.S.C. Section 2421. However, prior to the travel, starting sometime around 1990, the defendant began sexually molesting C.C., who was 10 years old at the time. The defendant and C.C. were neighbors in Soddy Daisy, Tennessee. C.C. will testify how the defendant groomed him: the defendant would invite some of the neighborhood boys into the house to play card games, drinking games, and would provide him and the other boys with alcohol and marijuana. C.C. will testify that after they became intoxicated, the defendant would present sexual challenges for the boys to perform on each other to normalize this behavior. C.C. will testify that the defendant would often film the activity with camcorders. The character of the case

1

involving C.C., although charged somewhat differently than the other cases, is nearly identical to cases involving other victims, B.A. and J.G.

Count 2 alleges the defendant exploited a minor, B.A., to produce sexually explicit images of such conduct, in violation of 18 U.S.C. Section 2251(a). The evidence will show that in approximately 2006, when B.A. was 11 years old, B.A. lived in Chattanooga, Tennessee. B.A.'s father was employed in construction and B.A. was interested in construction and tools. B.A. and the defendant were not neighbors, but the defendant was working on a home in B.A.'s neighborhood when they met. B.A. first encountered the defendant when the defendant was working on the roof of a home. B.A. was interested in learning about construction, and B.A. began to work with the defendant. Shortly after B.A. started working with the defendant, the defendant offered B.A. $100 to run around outside naked. Once, when they were working on a house, B.A. accidentally broke a window. The defendant permitted B.A. to pay for replacing the window by performing oral sex on the defendant. This became routine and the defendant would pay B.A. $50-$100 a day and have B.A. perform oral sex on him in the homes in which they worked. This sexual abuse also occurred in the defendant's residence in Red Bank and included anal penetration of B.A. by the defendant. B.A. will testify that he was unaware that the defendant was videotaping this conduct but was recently shown recovered videos and confirmed they depict himself and the defendant while the defendant was molesting him.

Count 3 alleges the defendant exploited J.G. for the purpose of creating sexually explicit images in violation of 18 U.S.C. Section 2251(a). Count 4 alleges he possessed the images of J.G. that he created in violation of 18 U.S.C. Section 2252A(a)(5)(B). Count 5 alleges the defendant committed the acts referenced in Count 3 while he was a registered sex offender in violation of 18 U.S.C. Section 2260A. The evidence will show that J.G.'s mother, L.G., was a personal

acquaintance of the defendant during the summer of 2018. In 2018, J.G. was 8 years old. During that summer, J.G., whose father had recently passed away, was taken in by the defendant. J.G. was interested in construction and the defendant permitted J.G. to work on and learn about construction work. The defendant also took J.G. fishing and to ride dirt bikes. During this same time, the defendant sexually exploited J.G. and created videos of the sexual exploitation. The government will introduce videos it recovered of the exploitation to corroborate the testimony of J.G.

## ANALYSIS

### 1. The cases are properly joined.

Rule 8(a) permits the joinder of offenses if they are of the same or similar character. Rule 8(a) "should be construed in favor of joinder." *United States v. Dietz*, 577 F.3d 672, 691-92. In determining whether joined cases are similar in character, similar means similar, not "identical." *United States v. Boulanger*, 444 F.3d 76, 87 (1st Cir. 2006). Whether a joinder of charges in the indictment is appropriate "is determined by the allegations on the face of the indictment." *Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017). Joinder of offenses is permitted if the offenses are: (1) "of the same or similar character"; (2) "based on the same act or transaction"; or (3) "connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). The first and third grounds for joinder are found in this case.

As the Court can see from the conservative rendition of the facts outlined above, the three sets of cases are nearly identical in character. Thus, joinder is proper under FRCP 8.

### 2. Judicial economy favors joinder.

A legitimate consideration when considering joinder and severance under Rule 8(a) is the promotion of "trial convenience and judicial efficiency.'" *United States v. Graham*, 275 F.3d 490,

3

512 (6th Cir. 2001). In this case, Federal Rules of Evidence 404(b) and 414(a) render the evidence in each individual victim's case admissible in the trials of the other two victims' cases. Thus, severance is inappropriate because it would result in three separate trials consisting of substantially the same evidence in each trial and it would subject (at least) three separate sexual abuse victims to three separate rounds of direct testimony and cross-examination.

      **3.**      **The defendant cannot show prejudice.**

The defendant's prejudice argument hinges on his prediction that once the cases are severed, he can exclude the evidence of the severed cases notwithstanding FRE 404(b) and FRE 414(a). The government disagrees with his premise. To compel severance pursuant to Federal Rule of Criminal Procedure 14, the defendant must show "compelling, specific, and actual prejudice" to justify severance. *See United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005). The evidence he believes a severance will preclude, which he calls "inflammatory" (Doc. 56, PageID# 161), is admissible in every case whether they are tried separately or together. The defendant predicts that "evidence of Counts One, Two and Three are unlikely to be independently admissible under Rule 404(b) of the Federal Rules of Evidence." *Id.* The government disagrees. Notwithstanding FRE 404(b), the defendant ignores FRE 414(a). Under FRE 414(a), the evidence supporting the cases he moves to sever is admissible in the cases he wants to try separately and, therefore, he can make no showing of prejudice due to joinder. When Congress codified Rule 414(a), it surely considered the inherently prejudicial nature of "other act" evidence in child molestation cases. The Sixth Circuit addressed this very point in the context of FRE 413, which operates like FRE 414, but in cases of sexual assault. The court wrote:

> We recognize that Rule 413 evidence can be inherently prejudicial. By describing violent and sexual conduct, the evidence may have a strong propensity to evoke a visceral reaction from a lay jury. [Nevertheless], Congress's decision to codify Rule 413 reflects its belief of the probative nature of such testimony. As this

4

Court explained in *United States v. Stout*, 509 F.3d 796, 801–02 (6th Cir. 2007), the codification of Rule[s] 413, 414, and 415 represent[s] an understanding that sexual assault is different from regular prior bad acts. This difference is either that "propensity evidence has special value in certain violent sexual misconduct cases or that the difficulty of and need for convictions for these crimes warrants a decrease in the usual protections against propensity and character evidence." *Id*.

*United States v. LaVictor,* 848 F.3d 428, 450 (6th Cir. 2017).

In a subsequent case, the Sixth Circuit resolved the issue this way: "[b]ecause Defendant does not offer any reason why the Rule 413 evidence in this case was any more unfairly prejudicial than child molestation evidence typically is, we reject Defendant's Rule 403 challenge as well." *United States v. Mandoka,* 869 F.3d 448, 456 (6th Cir. 2017).

To summarize, severance under FRCP 14 requires a showing of specific and actual prejudice. The defendant relies on a prediction that this Court will exclude FRE 404(b) and FRE 414(a) evidence if the cases are severed. The government makes no wager on the defendant's future motion. However, the government maintains that under both 404(b) and 414(a) (especially 414(a)) the evidence is admissible whether the cases are severed. Thus, the defendant cannot make a showing of prejudice.

## CONCLUSION

The cases are properly joined, judicial economy and efficiency counsels for joinder, and the defendant cannot show the requisite prejudice to require severance. For the foregoing reasons, the defendant's motion to sever should be denied.

Respectfully Submitted,

FRANCIS M HAMILTON III
UNITED STATES ATTORNEY


Signatures on following page

5

Case 1:21-cr-00058-CEA-SKL   Document 63   Filed 11/02/22   Page 5 of 6   PageID #: 175

By: s/*James T. Brooks*
JAMES T. BROOKS, BPR #021822
Assistant United States Attorney
1110 Market Street, Suite 515
Chattanooga, Tennessee 37402
(423) 752-5140
james.brooks@usdoj.gov

*s/Steven S. Neff*
Steven S. Neff, BPR #GA 537187
Assistant United States Attorney
1110 Market Street, Suite 515
Chattanooga, Tennessee 37402
(423) 752-5140
steven.neff@usdoj.gov