| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br><br>vs.<br><br>MARK ALAN DEAKINS,<br>*Defendant*. | )<br>)<br>)<br>)  No. 1:21-cr-00058-CEA-SKL<br>)<br>)<br>) |

### MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS

COMES NOW Defendant Mark Alan Deakins and in support of his concurrently filed Partial Motion to Dismiss respectfully shows the Court as follows:

#### BACKGROUND

In June 2021, a grand jury returned an indictment against Mr. Deakins. [RE 9 (6/16/21 Indictment), PageID# 14]. Over the course of these proceedings, superseding indictments have been returned. In July 2022, a second superseding indictment was returned which, for the first time, included an alleged violation of 18 U.S.C. § 2421 (transportation of a minor). [RE 43 (7/26/22 Second Superseding Indictment), PageID# 107). Under the currently operative pleading, the Third Superseding Indictment, that crime is charged in Count One and reads in pertinent part as follows:

> The Grand Jury charges that starting in or about November 1998 and continuing until in or about June 2000, the exact date being unknown, in the Eastern District of Tennessee and elsewhere, the defendant, MARK ALAN DEAKINS, knowingly transported a minor, (C.C.),

1

in interstate commerce from the State of Tennessee to the State of Florida with the intent that such person engage in any sexual activity for which any person can be charged with a criminal offense, that is, a person could have been charged with a violation of Title 18 U.S.C. § 2251(a): exploitation of a minor; and, a person could have been charged with a violation of Florida Statute Annotated § 794.05: unlawful sexual activity with certain minors.

All in violation of Title 18, U.S.C. § 2241.

[RE 75 (11/22/22 Third Superseding Indictment), PageID#353].

While the procedural history of the other counts of the Third Superseding Indictment is not relevant, the text of Counts Two and Three is and is the following:

### Count Two
### (Exploitation of a Child)

The Grand Jury further charges that, starting in or about 2006 and continuing until in or about 2007, the exact date being unknown, in the Eastern District of Tennessee, the defendant MARK ALAN DEAKINS, did knowingly employ, use, persuade, induce, entice, and coerce a minor, (B.A.), to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; the visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means; and such visual depiction has actually been transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

All in violation of Title 18, U.S.C. § 2251(a)

### Count Three
### (Exploitation of a Child)

The Grand Jury charges that, starting in or about June 2018 and continuing until in or about September 2018, in the Eastern District of Tennessee, the defendant MARK ALAN DEAKINS, did knowingly employ, use, persuade, induce, entice, and coerce a minor, (J.G.), to

2

engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; the visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means; and such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting commerce.

All in violation of Title 18, U.S.C. § 2251(a).

[RE 75 (11/22/22 Third Superseding Indictment), PageID# 353-54].

## ARGUMENT

### I. *Count One Is Time Barred Under the Statute of Limitations.*

**A. Standard of Review**

Where, as here, a pretrial motion to dismiss has been filed, the Court's review of an indictment is limited to the indictment's four corners. *See, e.g.*, *United States v. Marra*, 481 F.2d 1196, 1200 (6th Cir. 1973) ("The Court should not consider evidence not appearing on the face of the indictment." (quotation and citation omitted)).

With respect to a statute of limitations, it "begins to run against the prosecution" whenever "the crime is complete." *United States v. Irvine*, 98 U.S. 450, 452 (1878).

Once the statute of limitations has passed for a crime, the Constitution prohibits the legislature from subsequently reviving the crime via a modification to the statute of limitations. *Stogner v. California*, 539 U.S. 607, 632-33 (2003) ("[A] law enacted after expiration of a previously applicable limitations period violates the *Ex Post Facto Clause* when it is applied to revive a previously time-barred prosecution.").

3

## B. Count One Is Untimely Under the Default Statute of Limitations.

Between November 1998 and June 2000, the period alleged in Count One, the criminal statute at issue read in pertinent part as follows: "Whoever knowingly transports any individual in interstate…commerce… with intent that such individual engage…in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 10 years, or both." 18 U.S.C.S. § 2421 (Oct. 31, 1998). Thus, the crime was fully complete upon the crossing of the state line with the requisite intent; actual commission of the sexual activity was not required. *Wilson v. United States*, 232 U.S. 563, 571 (1914) (holding under previous version of statute that because "the mere act of transportation," it was no defense that the illegal purpose may not have ever been accomplished).

Because the crime alleged in Count One occurred, at the latest, in June 2000, no dispute exists that the default five-year statute of limitations bars it. 18 U.S.C.S.§ 3282 (Oct. 19, 2022) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.").[1]

---

[1] Because of the age of the charge, the statutes at issue have been amended multiple times. Accordingly, undersigned counsel will cite to the LexisNexis U.S.C.S. version rather than the current U.S.C. version, to avoid confusion.

4

### C. 18 U.S.C.S. § 3283 Does Not Apply.

The Government will likely argue—incorrectly—that 18 U.S.C.S. § 3283 provides a longer statute of limitations for Count One than the default five years. During the period covered in Count One, that statute read as follows: "No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse of a child under the age of 18 years shall preclude such prosecution before the child reaches the age of 25 years." 18 U.S.C.S. § 3283 (Sep. 15, 1994). Congress amended that period on two later occasions. In 2003, Congress amended the statute to read as follows: "No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, or kidnaping, of a child under the age of 18 years shall preclude such prosecution *during the life of the child*." 18 U.S.C.S. § 3283 (May 1, 2003) (emphasis added). And in 2006, Congress amended the statute yet again (likely to address a situation where the victim dies after the crime but before the indictment has been returned) to read as follows: "No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, or kidnaping, of a child under the age of 18 years shall preclude such prosecution *during the life of the child, or for ten years after the offense, whichever is longer*." 18 U.S.C.S. § 3283 (Jan. 6, 2006) (emphasis added). It has not changed since.

The first reason why § 3283 cannot help the Government is that the statute categorically does not apply to prosecutions under 18 U.S.C.S. § 2421 (Oct. 31, 1998). Because the gravamen of the crime is the crossing of state lines, "sexual…abuse" within the meaning of § 3283 is not an element that need be proven at trial at all. Congress directed that the five-year default applies "[e]xcept as otherwise *expressly* provided by law," 18 U.S.C. § 3282 (Oct. 19, 2022). Nothing in § 3283 expressly applies to § 3282, so § 3283 is irrelevant.[2]

Second, even if § 3283 could apply to a prosecution under § 2421 after the amendments, it could not apply to this case like this one, which involves alleged acts that preceded the 2006 amendments. "[C]riminal limitations statutes are to be liberally interpreted in favor of repose…." *United States v. Habig*, 390 U.S. 222, 227 (1968) (quotation omitted)). Nothing in the 2006 amendment expressly evinced a congressional intent to apply it to crimes that had allegedly already been convicted. When Congress intends to lengthen the period for alleged crimes that have already

---

[2] By contrast, consider Congress' elimination of the statute of limitations, in 2006, for proceedings under 2421, which expressly referred to the statutory chapter housing the offense:

> Notwithstanding any other law, an indictment may be found or an information instituted at any time without limitation for any offense under section 1201 [18 USCS § 1201] involving a minor victim, and for any felony under chapter 109A [18 USCS §§ 2241 et seq.], 110 [18 USCS §§ 2251 et seq.] (except for section [sections] 2257 and 2257A [18 USCS § 2257 and 2257A]), or *117 [18 USCS §§ 2421 et seq.]*, or section 1591 [18 USCS § 1591].

18 U.S.C.S. § 3299 (Oct. 19, 2022) (emphasis added). That statute of limitations cannot apply here because the limitations period had already run in 2005 prior to its enactment, as shown above.

occurred, Congress knows how to be explicit, as Congress was when Congress extended the default limitations period from three years to the current five years:

> **Statute of limitations.**
> **68 Stat. 1145.**
> "SEC. 12. (a) Section 3282 of title 18 of the United States Code is amended by striking out 'three' and inserting in lieu thereof 'five'.
> "(b) The amendment made by subsection (a) shall be effective with respect to offenses (1) committed on or after September 1, 1954, or (2) committed prior to such date, if on such date prosecution therefor is not barred by provisions of law in effect prior to such date."

87 P.L. 299, 75 Stat. 640, § 12 (Sep. 26, 1961).

Finally, any argument from the Government that the 2003 or 2006 amendments impacted the statutory period depends on knowing CC's date of birth and/or whether he is still alive, neither of which is expressly pleaded in the indictment as should be required.[3] U.S. Const. Amend. V.

Because § 3283 does not extend the default limitations period here, which fully ran by 2005, Count One must be dismissed.

### D. If Not Statutorily Barred, the Constitution Should Prohibit Prosecution on Count One Due to Preindictment Delay.

This prosecution arises more than 20 years after the events supposedly at issue. Due to the lapse in time, Mr. Deakins will be significantly hampered in his defense. His memory has faded. Other witness memories will have faded. Indeed, apparently C.C.'s memory has faded to such an extent that the Government cannot even pinpoint the supposed date of travel (which hinders Mr. Deakins' ability, for example,

---

[3] The Government has, however, represented to undersigned counsel that CC is living and was born in July 1983. Yet under the Constitution, it is the Grand Jury's understanding, rather than the prosecutor's, that counts.

7

to mount an alibi defense).

For the purposes of the appellate record, Mr. Deakins submits that preindictment delay bars the prosecution of Count One and that an evidentiary hearing on that constitutional issue is required. He acknowledges, however, that in the Sixth Circuit, preindictment delay can only forbid a prosecution when evidence is proffered of Governmental bad faith in occasioning the delay—and he concedes that no such evidence has been proffered here. *See United States v. Atisha*, 804 F.2d 920, 928 (6th Cir. 1986) (explaining that Due Process can prohibit a prosecution of a defendant only upon a showing of both prejudice and that "the delay was instituted by the government merely to gain a tactical advantage over him"). While acknowledging that this Court must apply existing Sixth Circuit precedent to deny this constitutional challenge at present, Mr. Deakins respectfully submits that the Fourth Circuit's test, which does not require bad faith, should ultimately be adopted by the Sixth Circuit *en banc* and/or by the Supreme Court. *See Howell v. Barker*, 904 F.2d 889, 895 (4th Cir. 1990) ("[W]e cannot agree with the position taken by the State of North Carolina and those other circuits which have held that a defendant, in addition to establishing prejudice, must also prove improper prosecutorial motive before securing a due process violation.").

## II. Counts Are Not Properly Pleaded.

### A. Standard of Review

The Federal Rules require that every indictment in a felony case contain, among other things, "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. Pro. 7(c). The Constitution also imposes requirements for felony indictments. "Under the Notice Clause of the Sixth Amendment, a criminal defendant has the right 'to be informed of the nature and cause of the accusation' against him. U.S. Const. amend VI. In addition, the Indictment Clause of the Fifth Amendment requires that a defendant be charged with only those charges brought before the grand jury. U.S. Const. amend. V." *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000).

When an indictment alleges an offense, "the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *United States v. Hess*, 124 U.S. 483, 487 (1888). *See also Russell v. United States*, 369 U.S. 749, 765 (1962) ("It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species, -- it must descend to

9

particulars." (quotation omitted)). Furthermore, "facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances." *United States v. Cruikshank*, 92 U.S. 542, 558 (1875).

### E. Count One Is Improper.

Count One fails to comply with the pleading rules with respect to the supposed intent at issue. The Third Superseding Indictment charges that Mr. Deakins transported C.C. "with the intent that such person engage in any sexual activity for which any person could have been charged with a violation of Title 18 U.S.C. § 2251(a): exploitation of a minor; and, a person could have been charged with a violation of Florida Statute Annotated § 794.05: unlawful sexual activity with certain minors." [RE 75 (11/22/22 Third Superseding Indictment), PageID#353]. With respect to the Florida statute, it can only apply to defendants over 24 and victims between 16-17 years old. Fla. Stat. Ann. § 794.05(1) (2000). But neither individual's age is pleaded.[4] Furthermore, both 18 U.S.C.S. § 2251(a) and Fla. Stat. Ann. § 794.05(1) criminalize multiple types of activities. The Third Superseding Indictment does not, however, specify which specific activities were supposedly intended.

---

[4] It is also mathematically impossible for C.C. to have been between the ages of 16-17 during the entire 18-month period alleged in Count One. Further precision of the alleged date of the offense is required for that reason alone for the offense to actually charge a crime.

## F. Counts Two and Three Are Improper.

Counts Two and Three both charge Mr. Deakins with supposedly engaging in "sexually explicit conduct." [RE 75 (11/22/22 Third Superseding Indictment), PageId# 354-55]. Neither count, however, attempts to specify what conduct is at issue. While 18 U.S.C. § 2256(2) contains a list of acts that will qualify as "sexually explicit conduct," Counts Two and Three do not purport to refer to that list, much less specify which acts in that definition are at issue according to the Grand Jury.[5] U.S. Const. Amend. V. Without knowing what exactly the Grand Jury intended to charge, Mr. Deakins cannot prepare his defense to that charge.

## CONCLUSION

This Court should dismiss Counts One, Two, and Three.

Dated: December 16, 2022

Respectfully submitted,

MARK ALAN DEAKINS

s/Howard W. Anderson III
Howard W. Anderson III
B.P.R. No. 34693

TRULUCK THOMASON LLC
3 Boyce Ave.

---

[5] The prosecutor has, however, already shown undersigned counsel the videos that will be the exhibits for Counts Two and Three.

11

Greenville, SC 29601
864-331-1751 (Ph)
1-888-501-1704 (toll free)
howard@truluckthomason.com

or

PO Box 2242
Cleveland, TN 37320-2242

## CERTIFICATE OF SERVICE

I, Howard W. Anderson III, certify that I filed a copy of the foregoing paper using the Court's CM/ECF system, which will deliver a copy to all counsel of record except for the following, whom I have this day served by U.S. Mail:

n/a

s/Howard W. Anderson III<br>
Howard W. Anderson III

12

Case 1:21-cr-00058-CEA-SKL   Document 90   Filed 12/16/22   Page 12 of 12   PageID #: 536