UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, | ) ) ) |
| vs. | ) No. 1:21-cr-00058-CEA-SKL ) |
| MARK ALAN DEAKINS, *Defendant*. | ) ) ) |

## OBJECTIONS TO REPORT AND RECOMMENDATION

COMES NOW Defendant Mark Alan Deakins respectfully submits the objections below to the Magistrate Judge's Report and Recommendation ("R&R"), [RE 78 (11/23/2002 R&R), PageId# 487].

### BACKGROUND

Law enforcement arrested Mr. Davis pursuant to an outstanding federal warrant on June 7, 2021, in Crossville. [RE 77 (Suppression Transcript - Agent Moore Testimony), PageID# 401-02]. Crossville lies in the Middle District of Tennessee. [*Id.* at PageID# 402]. The warrant was for sexual exploitation of minors, believed to have been committed with a "Samsung SM-G930V Mobile Device." [RE 2 (6/2/2021 Affidavit in Support of Complaint), PageID# 5].

After he his arrest, law enforcement believed that Mr. Deakins told them that he had one or more cell phones his van, which was also serving as his home in the

1

"barndominium" at the RV park where Mr. Deakins was found. [RE 77 (Suppression Transcript – Al Seitner Testimony), PageID# 431, 436].[1] In plain view through the vehicle's glass, agents believed that they saw a box for a Samsung cell phone. [*Id.* at PageID# 438]. Mr. Deakins (for the purposes of pretrial proceedings) does not contest that law enforcement had probable cause to believe that a Samsung cell phone SM-G930V, if located in the van, would have been of potential evidentiary value to the federal investigation and that the agents had probable cause to believe that a cell phone may be inside the van. *See also* [RE 64 (11/2/2022 Gov't Opp. Memo), PageID# 185 ("When the defendant was arrested, after he was Mirandized, he admitted there was a cell phone in the van. Thus, the officers had probable cause to believe that there was evidence of a crime in his vehicle.")].

A detective from Cumberland County conducted a warrantless search of the van. [RE 77 (Suppression Transcript – Al Seitner Testimony), PageID# 438]. No cell phone was found inside. [*Id.* at PageID# 446]. But agents did find—and seize—various items, including a firearm, a computer, bank cards, condoms, a key ring, and thumb drives. [Hearing Gov't Ex. 3]. The Cumberland County officials took the seized evidence back with them the night of the seizure. [RE 77 (Suppression Transcript – Al Seitner Testimony), PageID# 439].

---

[1] At the hearing, Mr. Deakins maintained his right to remain silent. Thus, this brief only presents the evidence adduced at the hearing, without necessarily agreeing with it.

TFO Seitner prepared an inventory the next day. [*Id.*]. Thereafter, the items were transferred to the FBI office Chattanooga, in the Eastern District of Tennessee, where a search warrant was requested, and issued, on June 18—eleven days after their initial seizure. [1:21-mj-00112-CHS, RE 2 (6/18/22 Search Warrant Application), PageID# 7-9 ¶6 ("An FBI Agent from the Chattanooga office collected the evidence and brought it to Chattanooga. The evidence is currently in the possession of the affiant and is being stored securely at the FBI's office in Chattanooga.")].[2] A search pursuant to that warrant was subsequently conducted. [RE 77 (Suppression Transcript – Colloquy), PageID# 394-95].

## STANDARD OF REVIEW

Objections to a Report and Recommendation are *de novo*. 28 U.S.C. § 636(b)(1). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

---

[2] The warrant affidavit and warrant were not formally admitted into evidence at the hearing, but the Court can take judicial notice of them. Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding."). Likewise, 28 U.S.C. § 636(b)(1) contemplates the possibility of the submission of additional evidence.

3

# ARGUMENT

The Fourth Amendment prohibits unreasonable searches and seizures in general. U.S. Const. Amend. IV. But it also contains express requirements for warrants: "[N]o warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *Id.*

"Warrantless searches are presumptively unreasonable…." *United States v. Karo*, 468 U.S. 705, 717 (1984) (citations omitted).

The R&R incorrectly concluded that the Government sustained its burden to establish reasonableness within the meaning of the Fourth Amendment of the items seized and later searched from the van. U.S. Const. Amend. IV.

## I. Whether or Not the Initial Seizure of the Items Was Valid Under the Automobile Exception, the Delay in Obtaining a Warrant Made the Seizure Unreasonable.

The R&R should be revised to conclude that the pre-warrant delay violated the

Fourth Amendment, irrespective of the potential applicability of the automobile exception.[3]

"[A] seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests protected by the Fourth Amendment's prohibition on 'unreasonable seizures.'" *United States v. Jacobsen*, 466 U.S. 109, 124 (1984) (footnote omitted). Thus, the Government must sufficiently justify the delay between the initial seizure and a later-issued warrant. *See, e.g.*, *United States v. Respress*, 9 F.3d 483, 488 (6th Cir. 1993) ("[E]ven with the existence of probable cause to effect a seizure, the duration of the seizure pending the issuance of a search warrant must still be reasonable." (citation omitted)).

Whether or not law enforcement could have seized property from Mr. Deakins' van without a warrant on June 7, law enforcement's eleven-day delay in obtaining a

---

[3] Undersigned counsel was appointed after the proceedings before the Magistrate Judge. To the extent, if any, that the Government contends that it was not on notice that it would be required to justify all pre-warrant seizure of the items, despite bearing the burden of proof, Mr. Deakins does not object to recommitting this matter back to the Magistrate Judge for receipt of additional testimony. To the extent that the Government contends that waiver applies because prior counsel did not specifically articulate the grounds raised in this objection, Mr. Deakins acknowledges that the Sixth Circuit does allow the Court to find waiver of arguments not seasonably made before the magistrate. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (collecting cases). Mr. Deakins submits, however, that the Sixth Circuit's approach is mistaken and that *de novo* review categorically precludes resort to waiver. *E.g.*, *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) ("By definition, *de novo* review entails consideration of an issue as if it had not been decided previously. It follows, therefore, that the party entitled to *de novo* review must be permitted to raise before the court any argument as to that issue that it could have raised before the magistrate."). The Sixth Circuit's permission of resort to waiver deprives Mr. Deakins of his right to have an Article III judge decide this motion.

warrant thereafter rendered the seizure unconstitutional. *See United States v. Mitchell*, 565 F.3d 1347, 1351 (11th Cir. 2009) (holding that 21-day delay between warrantless seizure of computer and issuance of warrant rendered seizure unconstitutional). Because the Government offered no reason at all for the delay, no evidence presently exists to deem the delay reasonable.

To the extent that any modicum of record evidence did exist, it is not sufficiently weighty to overcome Mr. Deakins' interest in bank cards and electronics. Mr. Deakins refused to consent to the search of the van. [RE 77 (Suppression Transcript – Al Seitner Testimony), PageID# 436]. No claim exists that Mr. Deakins somehow consented to the seizure. *United States v. Pratt*, 915 F.3d 266, 272 (4th Cir. 2019) (holding 31-day delay unconstitutional and noting: "Pratt didn't diminish his possessory interest in the phone. He didn't consent to its seizure or voluntarily share the phone's contents."). Further, caselaw recognizes the heightened personal interest in electronics. *Mitchell*, 565 F.3d at 1351 ("Individuals may store personal letters, e-mails, financial information, passwords, family photos, and countless other items of a personal nature in electronic form on their computer hard drives. Thus, the detention of the hard drive for over three weeks before a warrant was sought constitutes a significant interference with Mitchell's possessory interest."). Mr. Deakins respectfully submits that the same is true for credit and bank cards, which pose the potential that a third-party may access those accounts without authorization.

Any delay attendant to moving the items to Chattanooga is also especially unreasonable. The Federal Rules contemplate that a federal magistrate judge—or even a state judge, if needed—in the district where the property is seized will resolve warrant issues. Fed. R. Crim. Pro. 41(b)(1) ("At the request of a federal law enforcement officer or an attorney for the government:(1) a magistrate judge with authority in the district—or if none is reasonably available, a judge of a state court of record in the district—has authority to issue a warrant to search for and seize a person or property located within the district….").

Because of the unconstitutional delay in obtaining the warrant, the Court need not resolve the automobile-exception issue to suppress all evidence seized from the van.[4]

## II.   Even If the Automobile Exception Allowed a Search of the Van for a Cell Phone, It Would Not Have Authorized the Seizure of any Item Not Immediately Apparently as Incriminating.

Given the existing record, Mr. Deakins concedes for present purposes that law enforcement could have obtained a search warrant for the van to look for a Samsung cellphone, as probable cause (on this record) existed that it would be found in the

---

[4] Undersigned counsel has had preliminary discussions with the Government about potential suppression issues concerning the warrants that were issued in this case. If not resolved, undersigned counsel will file a motion directed to them by the motions deadline. The issue of potential improprieties with the search warrants was not before the magistrate judge. [RE 78 (11/23/2002 R&R), PageId# 497 ("The sole issue before the Court is whether the warrantless search of Defendant's van is covered by the automobile exception to the warrant requirement under the circumstances present in this case.")].

7

van. Had law enforcement actually obtained a warrant, the Fourth Amendment would have required that the warrant to "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. Thus, the warrant would have only authorized the seizure of the cellphone, if found. *Marron v. United States*, 275 U.S. 192, 196 (1927) ("The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant."). *See also United States v. Gardner*, 537 F.2d 861, 862 (6th Cir. 1976) ("We affirm the district court's order on the ground that the search warrant authorizing the seizure of 'all firearms and ammunition' was overbroad. Based on the affidavit filed in support of the warrant, probable cause existed, if at all, to search solely for a.38 caliber pistol that was allegedly used in an armed robbery and murder."). While executing the warrant for the cell phone, the plain-view doctrine would also allow the seizure of "immediately apparent[ly]" incriminating observed while in a place that the warrant authorized the officer to search. *United States v. Rodriguez*, 596 F.2d 169, 175 (6th Cir. 1979) ("An object in plain view may be inspected and seized without a warrant if (1) the officer is lawfully present, (2) the object is in plain view, and (3) its incriminating nature is immediately apparent." (footnote omitted)).

Mr. Deakins respectfully submits that law enforcement ought not have *more* rights to search and seize property when acting without a warrant than they would have had law enforcement obtained a warrant in the first instance. After all, strong public policy favors warrant applications. *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (noting "the Fourth Amendment's strong preference for searches conducted pursuant to a warrant").

No record evidence exists that any of the items seized from the van were "immediately apparent" as incriminating. Thus, they should not have been seized while looking for a cell phone. *See, e.g.*, *United States v. Ford*, 184 F.3d 566, 579 (6th Cir. 1999) ("[The Fourth Amendment] prevents officers from using a warrant describing one kind of evidence as a pretext for searching for evidence outside the warrant." (citation omitted)).

To the extent that the R&R concluded that probable cause to search and seize a cell phone would also authorize the seizure of anything else—including the computer, [RE 78 (11/23/2002 R&R), PageId# 503]—the R&R should be revised. No probable cause existed, on this record, to believe that any of the seized items would be found inside the van, much less subject to warrantless seizure once found while looking (for the non-existent cell phone inside).

9

### III. The Automobile Exception Should Not Apply Here.

Undersigned counsel acknowledges, as the R&R does, that under current precedent from the Supreme Court, the automobile exception applies to vehicles that are not obviously immobile. *E.g.*, *United States v. Smith*, 510 F.3d 641, 650 (6th Cir. 2007) ("Smith suggests that the automobile exception is not applicable in the present case because the Pontiac was not mobile: at the time of the search, the officers possessed the keys and had the only two users of the vehicle under their control. However, both this court and the Supreme Court have reiterated on numerous occasions that the automobile exception is justified not only by the exigency created by the 'ready mobility' of vehicles, but also by the lesser expectation of privacy operators have in their vehicles.").

Mr. Deakins respectfully submits that, for the purposes of the appellate record, the controlling precedent should be revised. "The expectation of privacy reaches its zenith in the home." *United States v. McKenzie*, 13 F.4th 223, 235 (2d Cir. 2021). Especially where a vehicle is functioning as a home and not found on a public highway, the mobility of an automobile should not afford exigent circumstances to excuse the need for a warrant. "In cases where the securing of a warrant is reasonably practicable, it must be used…." *Carroll v. United States*, 267 U.S. 132, 156 (1925). No record evidence here suggests that obtaining a warrant would not have been reasonably practical. On appeal, Mr. Deakins will seek to argue that that absence should

preclude applicability of the automobile exception here.

## CONCLUSION

This Court should suppress all evidence seized from the van without a warrant and any fruits, *see Segura v. United States*, 468 U.S. 796, 804 (1984) ("Under this Court's holdings, the exclusionary rule reaches not only primary evidence obtained as a direct result of an illegal search or seizure, but also evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.'" (citations omitted)).

Dated: December 21, 2022

Respectfully submitted,

MARK ALAN DEAKINS

s/Howard W. Anderson III
Howard W. Anderson III
B.P.R. No. 34693

TRULUCK THOMASON LLC
3 Boyce Ave.
Greenville, SC 29601
864-331-1751 (Ph)
1-888-501-1704 (toll free)
howard@truluckthomason.com

or

PO Box 2242
Cleveland, TN 37320-2242

11

## CERTIFICATE OF SERVICE

 I, Howard W. Anderson III, certify that I filed a copy of the foregoing paper using the Court's CM/ECF system, which will deliver a copy to all counsel of record except for the following, whom I have this day served by U.S. Mail:

 n/a

s/Howard W. Anderson III
Howard W. Anderson III
