UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | Case No. 1:21-cr-58 |
| v. | ) ) ) | Judge Atchley |
| MARK ALAN DEAKINS | ) ) ) ) | Magistrate Judge Lee |

## ORDER REGARDING REPORT AND RECOMMENDATION

On November 23, 2022, United States Magistrate Judge Susan K. Lee issued a Report and Recommendation ("R&R") [Doc. 78] recommending that Defendant Mark Deakins' Motion to Suppress [Doc. 55] be denied. Defendant, through counsel, filed objections to the R&R on December 21, 2022. [Doc. 91].

For the reasons explained below, Defendant's objections to the R&R are **OVERRULED**. Further, the R&R [Doc. 78] is **APPROVED** and **ADOPTED** as the opinion of the Court.

### I.  STANDARD OF REVIEW

This Court is required to perform *de novo* review of any objections to an R&R. 28 U.S.C. § 636(b); *United States v. Quinney*, 238 F. App'x 150, 152 (6th Cir. 2007) ("It is well-settled that upon proper objection by a party, a district court must review de novo a magistrate judge's ruling on a motion to suppress."). The Court can accept, modify, or reject the findings or recommendations – in whole or in part. *Logan v. City of Chattanooga, Tenn.*, 2019 WL 4888890, at *1 (E.D. Tenn. Oct. 3, 2019).

## II. DEFENDANT'S OBJECTIONS TO THE R&R

## BACKGROUND

The sole issue before the magistrate judge was whether the warrantless search of Defendant's van was covered by the automobile exception to the warrant requirement under the circumstances present in the case. [Doc. 78 at 11]. The magistrate judge concluded that there was no constitutional violation, and accordingly, none of the evidence seized during the warrantless search of Defendant's van should be suppressed. [*Id*. at 18]. In response, Defendant timely filed objections. [Doc. 91]. Specifically, Defendant stated three objections: 1) regardless of the validity or invalidity of the initial warrantless seizure, the delay in obtaining a warrant made the seizure unreasonable; 2) whether or not the automobile exception allowed a search of the van for a cellular phone, it would not have authorized seizure of any item not immediately apparent as incriminating[1]; and 3) the automobile exception should not apply in these circumstances. The Government promptly filed a response, addressing every objection. [Doc. 93]. For clarity and ease of organization, this Court will address the objections in reverse order.

1. **Defendant's Objection to the Application of the Automobile Exception**

The Defendant objects to the magistrate judge applying the automobile exception to the warrantless search of his van. The Defendant does not dispute any of the facts and concedes that the "automobile exception applies to vehicles that are not obviously immobile." [Doc. 91 at 10]. Defendant states "the controlling precedent should be revised", explicitly stating this objection is made for purposes of the appellate record. [*Id.*]. Since Defendant concedes that the magistrate judge applied the law correctly, but merely disagrees with controlling precedent, there is no

---

[1] The essence of this objection appears to be the seizure of a computer seized during the warrantless van search. [Doc. 91 at 9]. To that end, this objection may be better characterized as Defendant's Objection to Seizure of a Computer Found in the Van.

proper objection here for the Court to review *de novo*. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (holding *de novo* review by the District Court only applies in matters involving disputed facts, not in situations where the petitioner only raises legal issues).

Accordingly, Defendant's objection that the automobile exception should not apply in this case is **OVERRULED**.

2. **Defendant's Objection to Seizure of a Computer Found in the Van**

Defendant's second objection involves the items seized from the van during the warrantless search. Defendant argues that even if probable cause existed to search the van and seize a cell phone, there would be no evidence that the other items in the van were "immediately apparent" as incriminating (thereby extending authorization of their warrantless seizure), thus rendering their seizure violative of Defendant's constitutional rights.

The Court notes that this issue was not raised in Defendant's Motion to Suppress [Doc. 55], and the parties agreed at the suppression hearing that the only relevant issue was the mobility prong of the automobile exception. The issue was abandoned by Defendant, effectively waiving such an objection. However, the Court will briefly address this issue.

Given that Defendant concedes that the automobile exception to the warrant requirement was properly applied here [Doc. 91 at 10], the crux of Defendant's objection is his contention that the non-cell phone items seized from his van did not exhibit an immediately apparent incriminating character. [*Id*. at 7-9]. In support, Defendant argues from *United States v. Ford*, 184 F.3d 566, 579 (6th Cir. 1999) that officers may not use a "warrant describing one kind of evidence as a pretext for searching for evidence outside the warrant."[2] He further argues that the

---

[2] Defendant concedes that on the existing record, law enforcement could have obtained a search warrant for a Samsung cell phone believed to be in the van. [Doc. 91 at 7]. Defendant then offers a hypothetical in which he theorizes that officers would not have been able to seize the computer and other items had they conducted the search pursuant to a warrant rather than under the automobile exception.

3

plain-view doctrine would allow seizure of items that were "immediately apparent" to have an incriminating nature during the hypothetical warrant-supported search. *United States v. Rodriguez*, 596 F.2d 169, 175 (6th Cir. 1979). Defendant believes the seizure of the computer was not proper, asserting that the R&R's conclusion was incorrect and should be revised[3].

Even if the probable cause prong of the automobile exception were before the Court, Defendant is mistaken. "Immediately apparent" requires only that the police officers have probable cause to believe that the object they are viewing is contraband or evidence of a crime. *Texas v. Brown*, 460 U.S. 730, 741-42 (1983). Further, the probable cause standard is a "'practical, nontechnical' probability that incriminating evidence is involved [which] is all that is required.'" *Id.* at 742 (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1940)). In the present case, when the police officers searched Defendant's van, they also arrested the Defendant on a federal complaint for crimes associated with creating images of child pornography. [Doc. 78 at 3-6]. The arresting officers collectively knew of several thumb drives containing child pornography images produced by the Defendant. It is well established that thumb drives connect to computers to transmit and receive data and information, including photographic images. Accordingly, it is entirely logical and reasonable that the police officers in the instant case had probable cause to believe that the Defendant's computer contained evidence of a crime – the images on the thumb drives almost certainly originated from a computer controlled by the Defendant.

As such, Defendant's objection to the seizure of his computer and other items in the van is **OVERRULED**.

---

[3] The Court believes that Defendant is referring to the magistrate judge's finding that "there was at least a 'fair probability' that officers would find evidence of criminal activity related to CSAM in the van." [Doc. 78 at 17] [referenced as Page ID# 503 in Doc. 91 at 9].

3. **Defendant's Objection that Delay in Obtaining a Search Warrant was Unreasonable**

Defendant's third objection involves the amount of time between when the computer and other items[4] were seized from Defendant's van and when the search warrant was obtained from the court. Defendant characterizes this period as an unreasonable delay that renders the entire seizure unconstitutional, precluding the entire question of propriety pursuant to the automobile exception. As the suppression hearing was solely focused on the narrow issue of the mobility prong of the automobile exception, Defendant's objection is not properly before the Court. However, this Court finds sufficient facts are in the record and briefing to address the objection.

Defendant was arrested after sunset on the evening of June 7, 2021. Defendant's van was searched that same evening, with officers seizing various items including a handgun and a computer later found to contain child sexual abuse material ("CSAM"). The seized items arrived in Chattanooga on June 8, 2021. Special Agent Moore worked on the probable cause affidavit June 9-10, 2021, before submitting it to the U.S. Attorney's Office. The assistant U.S. attorney reviewed the affidavit from June 11-14, 2021,[5] returning the affidavit with suggested edits on June 14, 2021. The affidavit was then sent to Magistrate Judge Steger's office on June 15, 2021, with presentation of the search warrant being scheduled three days later for June 18, 2021. In sum, even under the most stringent construction of the timeline, the "delay" between seizure and warrant was 11 days. On the other end of the spectrum, a reasonable person could easily conclude that the only actual delay was the three-day time period between when the affidavit was sent to Magistrate Judge Steger and when the presentation took place. Under that construction, there would be no delay attributable to law enforcement officers.

---

[4] There is no exhaustive list of the items seized in the R&R or the objections and briefing of the parties. It appears that any evidentiary concerns center around CSAM found on the seized computer, because of this the Court will focus its analysis on this issue.

[5] The Court notes that June 12-13, 2021, was a weekend.

5

Even assuming there was an 11-day delay, this delay was still reasonable. Courts have long held similar or longer delays are reasonable.[6] Defendant cites only *United States v. Mitchell*, 565 F.3d 1347 (11th Cir. 2009) and *United States v. Pratt*, 915 F.3d 266, 272 (4th Cir. 2019) in support of his position. These cases are not compelling. The delays in both cases were substantially longer than this case, with 21 days in *Mitchell*, and 31 days in *Pratt*. Perhaps more importantly, in both cases, the courts placed emphasis on the interference with the defendants' possessory interests in the seized items during the delay. In this case, the Defendant had very minimal, if any, possessory interest in his seized items during the delay.

Therefore, Defendant's objection that there was an unreasonable delay between the seizure of his effects from his van and law enforcement obtaining a warrant is **OVERRULED**.

## III. CONCLUSION

For all the reasons expressed above, Defendant Deakins' objections to the R&R are **OVERRULED**. The R&R [Doc. 78] is **APPROVED** and **ADOPTED** as the opinion of the Court, and Defendant's Motion to Suppress [Doc. 55] is **DENIED**.

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**

---

[6] *See United States v. Vallimont*, 378 F. App'x 972, 975-76 (11th Cir. 2010) (*per curiam*) (holding forty-five-day delay in obtaining a search warrant for a computer reasonable); *United States v. Morgan*, 713 F. App'x 829, 831-32 (11th Cir. 2017) (*per curiam*) (holding a seventeen-day delay in obtaining a search warrant for a cell phone reasonable); *United States v. Mulder*, 889 F.2d 239, 241 (9th Cir. 1989) (holding a one-year delay not unreasonable).