UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff*, <br><br> vs. <br><br> MARK ALAN DEAKINS, <br> *Defendant*. | ) <br> ) <br> ) <br> ) No. 1:21-cr-00058-CEA-SKL <br> ) <br> ) <br> ) |

### MEMORANDUM IN SUPPORT OF SECOND MOTION TO SUPPRESS

COMES NOW Defendant Mark Alan Deakins and in support of his concurrently filed Second Motion to Suppress respectfully shows the Court as follows:

### BACKGROUND

Via the currently operative Third Superseding Indictment, Mr. Deakins is charged with various child pornography and exploitation related counts. *See* [RE 75 (11/22/22 Third Superseding Indictment), PageID# 353].

As the Court may recall from the motion to suppress filed by prior appointed counsel, the Government executed a search warrant of Mr. Deakins' home in June 2021. [RE 78 (11/23/22 Report and Recom.), PageID# 489]. As part of the execution, officers found and seized "other electronic media devices, including desktop computers," that, a later search revealed, contained suspected CSAM. [*Id.* at PageID# 490].

1

Mr. Deakins was not home on the day that the search warrant was executed. [*Id.* at PageID# 489]. He was later arrested in the Middle District of Tennessee. *See* [*id.* at PageID# 490].

This motion concerns the (in)validity of the search warrants for the home and the property seized from Mr. Deakins' vehicle. The circumstances surrounding those two warrants are discussed further below.

### A. The Search Warrant Issued June 2, 2021.

The search warrant the Magistrate Judge Steger approved on June 2, 2021, reads in relevant part as follows:

> In the Matter of the Search of
> (Briefly describe the property to be searched or identify the person by name and address)
>
> Residence, vehicles, and person of MARK ALAN DEAKINS located at 2305 Wilder Street, Chattanooga, TN 37406
>
> Case No. 1:21-MJ-97
>
> **SEARCH AND SEIZURE WARRANT**
>
> To: Any authorized law enforcement officer
>
> An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the \_\_\_\_\_Eastern\_\_\_\_\_ District of \_\_\_\_\_Tennessee\_\_\_\_\_
> *(identify the person or describe the property to be searched and give its location)*:
>
> Residence, vehicles, and person of MARK ALAN DEAKINS located at 2305 Wilder Street, Chattanooga, TN 37406, as described more fully in Attachment A
>
> I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
>
> See attachment B, attached and incorporated herein.

[RE 101-2 (6/2/21 Warrant Packet), PageID# 655]. At least in the version filed on CM/ECF with the return, no "Attachment A" or "Attachment B" was affixed to the warrant. [RE 101 (6/10/21 Return, filed in 1:21-mj-97 as RE 3), PageID# 652]. In

2

discovery, a copy of the warrant package was produced. It had the following "Attachment A" and "Attachment B" placed between the signed warrant and the warrant application (with affidavit):[1]

**ATTACHMENT A**

**Property to Be Searched**

1. The cellular telephone assigned call number 423-486-3923 (TT#1) is a T-Mobile telephone, a device utilized by Mark Deakins. T-Mobile receives its subpoenas and court orders at the Law Enforcement Relations Team Custodian of Records, T-Mobile US, Inc., 4 Sylvan Way, Parsippany, NJ 07054.

2. Records and information associated with the TT#1 are within the possession, custody, or control of T-Mobile: including information about the location of the cellular telephone if it is subsequently assigned a different call number.

---

[1] The discovery in this electronic folder was produced as single 379-page .pdf

## ATTACHMENT B

### Particular Things to be Seized

1. Information to be Disclosed by the Provider:

   All information about the location of the Target Telephone #1 (TT#1) described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the TT#1 includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephones described in Attachment A.

[remainder of Attachment B omitted for brevity]. [RE 101-2 (6/2/21 Warrant Packet), PageID# 657-58].

The affidavit for the search warrant contains its own "Attachment A" and "Attachment B," which differ from the one previously quoted. In the affidavit's version, those items read in part as follows:

## ATTACHMENT A
### PROPERTY TO BE SEARCHED

The premises to be searched is 2305 Wilder Street, Chattanooga, TN 37406 (the **SUBJECT PREMISES**).

[…]

This search shall include all rooms and garages or storage spaces, attached or unattached, that are associated with the **SUBJECT PREMISES**; any containers, locked or unlocked, located within or attached to the **SUBJECT PREMISES**; any vehicles parked within the vicinity of the **SUBJECT PREMISES** for which there is probable cause to believe are under the dominion and control of Mark Alan DEAKINS, as evidenced by any keys, registration documents, or other evidence found inside the **SUBJECT PREMISES**; and any computers, cell phones, or other digital media devices found in **SUBJECT PREMISES** or within vehicles, for which there is probable cause to believe pertain to Mark Alan DEAKINS, as evidenced by being stored in a place with other personal effects of Mark Alan DEAKINS, or other evidence found inside the **SUBJECT PREMISES**.

4

## ATTACHMENT B
## ITEMS TO BE SEIZED

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of Title 18, United States Code, Sections 2251(a), (d) and (e); 2252A(a)(1), (a)(2), (a)(5)(B), (b)(1), and (b)(2), including conspiracies and attempts to violate those provisions:

1. Computers, storage media, and mobile devices used as a means to commit the violations described above or to store any records or information permitted to be seized by this Attachment A.
2. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

[…].

3. Routers, modems, and network equipment used to connect computers to the Internet.
4. Child pornography and/or child erotica, including any records or information relating to the advertisement, distribution, transportation, receipt, access, possession, creation, production, storage, transmission, or editing of any such visual depictions.
5. Records, information, and items relating to violations of the statutes described above including the following:
    a. Records, information, and items relating to the occupancy or ownership of 2305 Wilder Street, Chattanooga, TN, 37406, including utility and telephone bills, mail envelopes, or addressed correspondence; Records, information, and items relating to the ownership or use of computer equipment found in the above residence, including sales receipts, bills for Internet access, and handwritten notes;
    b. Records and information relating to the identity or location of the persons suspected of violating the statutes described above;
    c. Records and information relating to websites operating over the Tor network, including any document or page comprising a part of any such website, records

1:21-mj-97

and information showing any person's access to or involvement with such websites, and any communications between any users of such websites;
    d. All records and information that would identify or assist in identifying the administrators and users of any websites described in the previous subparagraph;
    e. Records and information relating to sexual exploitation of children, including correspondence and communications between users of child pornography and exploitation websites.

[…]

[RE 101-2 (6/2/21 Warrant Packet), PageID #678-680].

## B. The Search Warrant Issued June 18, 2021.

The search warrant the Magistrate Judge Steger approved on June 18, 2021, reads in relevant part as follows:

> In the Matter of the Search of
> *(Briefly describe the property to be searched or identify the person by name and address)*
> PROPERTY SEIZED FROM THE PERSON AND VEHICLE OF MARK ALAN DEAKINS, LOCATED AT THE OFFICES OF THE FBI, 633 CHESTNUT STREET, SUITE 540, CHATTANOOGA, TENNESSEE 37450
>
> Case No. 1:21-mj-112
>
> **SEARCH AND SEIZURE WARRANT**
>
> To: Any authorized law enforcement officer
>
> An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ____Eastern____ District of ____Tennessee____
> *(identify the person or describe the property to be searched and give its location)*:
>
> PROPERTY SEIZED FROM THE PERSON AND VEHICLE OF MARK ALAN DEAKINS, LOCATED AT THE OFFICES OF THE FBI, 633 CHESTNUT STREET, SUITE 540, CHATTANOOGA, TENNESSEE 37450
>
> I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
>
> See Attachment B, attached and incorporated herein.

[RE 101-4 (6/18/21 Warrant Packet), PageID # 688]. In the version filed on CM/ECF with the return completed, no "Attachment B" was present. [RE 101-3 (6/18/21 Warrant Return, filed in 1:21-mj-112 as RE 3), PageID# 685]. Nor was an "Attachment B" the next sequential page in the copy produced during discovery. [RE 101-4 (6/18/21 Warrant Packet), PageID# 688-689].

The affidavit to obtain a search warrant does, however, contain both an "Attachment A" and an "Attachment B," which read, in relevant parts, as follows:

7

## ATTACHMENT A

### LIST OF ITEMS TO BE SEIZED

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of Title 18, United States Code, Section 2251(a) which make it a crime to produce visual depictions of minors engaging in sexually explicit conduct, and Title 18, United States Code, Sections 2252(a)(4)(B) and 2252A(a)(5)(B), which make it a crime to possess child pornography including conspiracies and attempts to violate those provisions:

1. Computers, storage media, and mobile devices used as a means to commit the violations described above or to store any records or information permitted to be seized by this Attachment A.
2. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

[…]

## ATTACHMENT B

### DESCRIPTION OF LOCATION TO BE SEARCHED

Property seized from the person and vehicle of MARK ALAN DEAKINS located at the Offices of the FBI, 633 Chestnut Street Suite 540, Chattanooga, TN 37450, to include:

1. Cell phone black Samsung model SM-S111DL(GP); IMEI 352082508070580;
2. Laptop gold HP no serial number visible. ID numbers include X16-96072 and 00196-129-239-025 and the back of the laptop has a sticker labeled "m. deakins";
3. SanDisk ultra plus micro SD card 64GB 7416XVHAQ278; and
4. Two (2) Thumb drives 16 GB Onn brand.

[RE 101-4 (6/18/21 Warrant Packet), PageID# 698-702].

8

## STANDARD OF REVIEW

The Fourth Amendment generally prohibits unreasonable searches and seizures. U.S. Const. Amend. IV. But it also contains express requirements for warrants: "[N]o warrants shall issue, but upon probable cause, supported by oath or affirmation, and *particularly describing the place to be searched, and the persons or things to be seized*." *Id.* (emphasis added).

"Warrantless searches are presumptively unreasonable…." *United States v. Karo*, 468 U.S. 705, 717 (1984) (citations omitted). By the same token, "a facially invalid warrant is the same, constitutionally, as no warrant at all," *Truelove v. Hunt*, 67 F. Supp. 2d 569, 577 (D.S.C. 1999), regardless as to any probable cause that may have existed, *see Agnello v. United States*, 269 U.S. 20, 33 (1925) ("Belief, however well founded, that an article sought is concealed in a dwelling house furnishes no justification for a search of that place without a warrant.").

Because a facially invalid warrant cannot authorize any search, it does not allow the Government to argue that anything seized was taken under the plain-view exception. *United States v. Gardner*, 537 F.2d 861, 862 (6th Cir. 1976) ("Warrants may not authorize general searches, nor may they permit police officers to exercise undirected discretion in determining what to seize. Accordingly, the district court properly suppressed the gun, since the warrant was defective. Also, since the officer who seized it had no right to be on the premises, he cannot avail himself of the plain

9

view doctrine as urged by the government." (citations omitted)).

"[U]nless the particular items described in the affidavit are also set forth in the warrant itself (or at least incorporated by reference, and the affidavit present at the search), there can be no written assurance that the Magistrate actually found probable cause to search for, and to seize, every item mentioned in the affidavit." *Groh v. Ramirez*, 540 U.S. 551, 560 (2004). *See also United States v. Cook*, 657 F.2d 730, 733-34 (5th Cir. 1981) ("[W]e hold that the search warrant was constitutionally flawed. The warrant issued by the magistrate used a generic term when it authorized the seizure of 'cassettes on to which … copyrighted films … have been electronically transferred and recorded.' As issued, it supplied the searching agents with little guidance when it provided for the seizure of 'illegally obtained films … not limited to the motion pictures described in the affidavit'" (footnote omitted)).

An officer cannot claim good-faith reliance on a warrant that fails the particularity requirement. *Cf. Groh*, 540 U.S. at 554 ("Given that the particularity requirement is set forth in the text of the Constitution, no reasonable officer could believe that a warrant that plainly did not comply with the requirement was valid." (citation omitted)).

**ARGUMENT**

### I.    *The June 2, 2021, Warrant Is Facially Invalid.*

If the June 2, 2021, warrant had no "Attachment A" and "Attachment B" at all—

like the return copy suggests—that warrant particularly described nothing to be searched and seized. Thus, it could not authorize the seizure of any of the items on the return. U.S Const. Amend. IV.

If, on the other hand, the "Attachment A" and "Attachment B" to the warrant are the same as that affixed to the discovery copy, the Attachment B would not have authorized the seizure of any item on the return, as none of it was T-Mobile telephone records, and no item in the home was obviously contraband.[2]

Even if the Government could establish both that the executed warrant actually attached and incorporated the "Attachment A" and "Attachment B" affixed to the search warrant affidavit, the warrant would still be facially invalid as to all the items on the return, for two reasons.

First, the "Attachment B" on the search warrant affidavit could only authorize seizure of "Computers, storage media, and mobile devices used as a means to commit the violations described above or to store any records or information permitted to be seized by this Attachment A." [RE 101-2 (6/2/21 Warrant Packet), PageID# 679]. But "Attachment A" does not purport to authorize the seizure of anything; it purports to describe the "**PROPERTY TO BE SEARCHED**." [RE 101-2 (6/2/21 Warrant Packet), PageID# 678].

---

[2] The affidavit also would not have provided the requisite probable cause to have believed that the T-Mobile data was contained in the home, as opposed to the T-Mobile address listed on the "Attachment A."

11

Secondly, even if the Court were to blue-pencil the description to read "*permitted to be searched by Attachment A*," the warrant would still be facially invalid. Rather than authorizing the searching of *all* computers and electronic media containing in the home, Attachment A only purports to authorize the search of "any computers, cell phones, or other digital media found in the **SUBJECT PREMISES**… for which there is probable cause to believe pertain to Mark Alan DEAKINS, as evidenced by being stored in a place with other personal effects of Mark Alan DEAKINS, or other evidence found inside the **SUBJECT PREMISES**." [RE 101-2 (6/2/21 Warrant Packet), PageID#].[3] That purported description thus requires executing *officers* to make probable-cause determinations, which are the constitutional province of the issuing magistrate alone. *See, e.g.*, *Marron v. United States*, 275 U.S. 192, 196, 48 S. Ct. 74, 76 (1927) ("The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. *As to what is to be taken, nothing is left to the discretion of the officer executing the warrant*." (emphasis added)).

The search warrant of the residence was facially invalid and thus cannot have

---

[3] Mr. Deakins would note, however, that the face of warrant itself omitted any express reference to electronics: identifying as the "property to be searched" only the "Residence, vehicles, and person of MARK ALAN DEAKINS…. as described more fully in Attachment A." [RE 101-2 (6/2/21 Warrant Packet), PageID# 655].

satisfied the Fourth Amendment's guarantees.

## II. *The June 18, 2021, Warrant Is Facially Invalid.*

The second warrant suffers from several of the same incorporation and particularity problems as the warrant discussed above, in violation of U.S. Const. Amend. IV. As for the description of the property to be searched, the face of the warrant simply states: "PROPERTY SEIZED FROM THE PERSON AND VEHICLE OF MARK ALAN DEAKINS…," without attempting to reference, much less incorporate, any "Attachment A," whether affixed to the affidavit or otherwise. [RE 101-4 (6/18/21 Warrant Packet), PageID# 688]. Further, the warrant does not state whether all or only a subset of the property taken from Mr. Deakins was to be the subject of the warrant, as particularity commands.

The face of the warrant does purport to incorporate an "attached Attachment B." [RE 101-4 (6/18/21 Warrant Packet), PageID# 688]. But no "Attachment B" appears on the warrant filed with the return. [RE 101-3 (6/18/21 Warrant Return, filed in 1:21-mj-112 as RE 3), PageID# 685]. Further, no attachment immediately follows the warrant in the Bates-Numbered discovery production, further suggesting that none was ever attached. [RE 101-4 (6/18/21 Warrant Packet), PageID# 688-689].

In any event, even assuming the warrant properly incorporated the Attachment B to the search warrant application, nothing on the face of the warrant or in that Attachment B told law enforcement *what the magistrate* determined probable cause

13

to believe that law enforcement would find and had directed them to seize. The Constitution does not permit law enforcement to assume the role of the magistrate. *See, e.g.*, *Montilla Records of Puerto Rico, Inc. v. Morales*, 575 F.2d 324, 327 (1st Cir. 1978) (suppressing evidence obtained from a warrant authorizing the seizure of "unauthorized copies of copyrighted sound recordings" because "[t]o permit a magistrate to delegate his responsibility for determining whether or not probable cause exists to the officers executing a search warrant, as was done in this case, would be to eliminate the particularity requirement as a restriction on police discretion in searching for and seizing goods.").

## CONCLUSION

"The right of privacy was deemed too precious to entrust to the discretion of those whose job is the detection of crime and the arrest of criminals." *McDonald v. United States,* 335 U.S. 451, 455-56 (1948). Because the warrants failed to comply with the Fourth Amendment, this Court should suppress all evidence obtained from both search warrants and their fruits, *see Segura v. United States*, 468 U.S. 796, 804 (1984) ("Under this Court's holdings, the exclusionary rule reaches not only primary evidence obtained as a direct result of an illegal search or seizure, but also evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.'" (citations omitted)).

14

Dated: January 28, 2023

Respectfully submitted,

MARK ALAN DEAKINS

s/Howard W. Anderson III
Howard W. Anderson III
B.P.R. No. 34693

TRULUCK THOMASON LLC
3 Boyce Ave.
Greenville, SC 29601
864-331-1751 (Ph)
1-888-501-1704 (toll free)
howard@truluckthomason.com

or

PO Box 2242
Cleveland, TN 37320-2242

## CERTIFICATE OF SERVICE

I, Howard W. Anderson III, certify that I filed a copy of the foregoing paper using the Court's CM/ECF system, which will deliver a copy to all counsel of record except for the following, whom I have this day served by U.S. Mail:

n/a

s/Howard W. Anderson III
Howard W. Anderson III