UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA, | ) |
| *Plaintiff*, | ) |
| | ) |
| vs. | ) No. 1:21-cr-00058-CEA-SKL |
| | ) |
| MARK DEAKINS, | ) |
| *Defendant*. | ) |

## MOTION TO SEVER COUNT ONE

COMES NOW Defendant Mark Deakins and respectfully shows the Court as follows:

1. Prior trial counsel filed a motion to sever Counts One and Two of the Second Superseding Indictment, to try them separately from the remaining Counts. [RE 56 (10/19/22 Motion to Sever), PageID# 159].[1]

2. Since the filing of that motion to sever, the Government obtained a Third Superseding Indictment. [RE 75 (11/22/22 3rd Superseding Indictment), PageID# 353].

3. Given the change of the operative charging instrument, Mr. Deaking respectfully moves again for severance, as follows:

---

[1] Undersigned counsel will not repeat the legal standards, which were previously set forth. But undersigned counsel concedes that Counts Two-Five are properly tried together. Only Count One is properly subject to severance and is discussed here.

1

a. Count One is mis-joined to all the other Counts under Fed. R. Crim. Pro. 8(a) and is subject to mandatory severance. *Cf. United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 1982) ("If multiple defendants are improperly joined under Rule 8(b) because they are charged with offenses that are unrelated, then they are to be considered as prejudiced by that fact and the trial judge has no discretion on the question of severance. Severance in such a case is mandatory." (citations omitted)). Count One is not legally similar to any other Count. The gravamen of the charge (18 U.S.C. § 2241) is interstate travel; actual sexual activity is not a required element, much less sexual activity with a child. *See Wilson v. United States*, 232 U.S. 563, 571 (1914) (interpreting previous version of statute) (holding that because "the mere act of transportation" was criminalized, it was no defense that the illegal purpose may not have ever been accomplished). Further, it is not part of a common plan, as the remaining Counts involve alleged pornography, whether making or possessing.

b. Even if properly joined, Count One is appropriate for discretionary severance. Fed. R. Crim. Pro. 14(a). Count One, a travel charge, is not a charge to which Fed. R. Evid. 414 applies at all because it is not alleged "child molestation" within the meaning of the Rule. "Child molestation" requires a "child," which is defined as "a person below the age of 14." Fed. R. Evid. 414(d)(1). As the Government itself contends, the alleged event alleged in Count One occurred "[w]hen C.C. was 16-17." [RE 92 (12/27/22 Opp. to Motion to Dismiss), PageID# 550]. Thus, Rule 414

does not allow the admission of evidence of other alleged acts to be introduced with respect to Count One. Nor does it allow evidence of alleged acts concerning Count One to be introduced at a trial on any of the remaining Counts. Given how inflammatory any alleged child abuse is—or, to quote the Government, "inherently prejudicial," [RE 63 (11/2/22 Opp. to Motion to Sever), PageID# 174]—the admission of the evidence concerning the remaining Counts would prejudice Mr. Deakins' ability to defend on Count One, and allow the Government to unfairly bootstrap evidence for it on the trial of the other Counts.

Accordingly, Mr. Deakins prays that this Court will sever Count One, and try it separately from all other Counts.

Dated: January 28, 2023

Respectfully submitted,

MARK DEAKINS

s/Howard W. Anderson III
Howard W. Anderson III
B.P.R. No. 34693

TRULUCK THOMASON LLC
3 Boyce Ave.
Greenville, SC 29601
864-331-1751 (Ph)
1-888-501-1704 (toll free)
howard@truluckthomason.com

or

PO Box 2242
Cleveland, TN 37320-2242

## CERTIFICATE OF SERVICE

I, Howard W. Anderson III, certify that I filed a copy of the foregoing paper using the Court's CM/ECF system, which will deliver a copy to all counsel of record except for the following, whom I have this day served by U.S. Mail:

n/a

s/Howard W. Anderson III<br>
Howard W. Anderson III