UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1:21-CR-58 |
| | ) | |
| v. | ) | Judges Atchley/Lee |
| | ) | |
| | ) | |
| MARK ALAN DEAKINS | ) | |

_____

**UNITED STATES' RESPONSE TO THE DEFENDANT'S
SECOND MOTION TO SEVER (DOC. 103)**

The defendant moves to sever Count One from the remaining Counts (Doc. 103). In his first motion to sever (Doc. 56), he moved to sever the case into three separate cases based on three separate victims. The United States objected.[1] The Court has not ruled on that motion. He now concedes that Counts Two through Five are properly joined in the Third Superseding Indictment and he only seeks to sever Count One. (*See Motion to Sever Count One,* fn. 1, PageID# 718.) He argues first that Count One is not "legally similar" to the other Counts and, second,

---

[1] Since the United States filed its first response, the defense has pointed out that Federal Rule of Evidence 414 limits propensity evidence in some child molestation cases to cases in which the victim was less than 14 years of age. The United States agrees and herein modifies its response. Except for the changed analysis involving FRE 414, the United States incorporates its response to the first motion. (Doc. 63.) For reasons stated in both responses, the defendant's motion should still be denied.

1

even if it is, Federal Rule of Evidence ("FRE") 414 does not apply to Count One because the victim was older than 14 years of age. Finally, the defendant argues that the prejudice caused by trying Count One with the remaining counts compels severance. The United States objects to the defendant's motion.

The United States anticipates the evidence will show the conduct alleged in Count One is substantially similar to the conduct alleged in the other charges: in Count One, the defendant traveled to Florida to exploit a minor and he made an image of the exploitation; in Counts Two and Three, he exploited minors and made images of the exploitation in his own home; in Court Four, the defendant is charged with possessing the very images he made (among numerous others) depicting the victims in Counts One, Two, and Three. The United States anticipates the evidence will show the "character" and overarching "plan" of each offense was to entice, exploit, and create sexually explicit images of minor boys and thus, pursuant to Federal Rule of Criminal Procedure 8(a), the counts are properly joined for trial in a single indictment. (*See* Fed. R. Crim. P. 8(a), Joinder of Offenses.)

Although the defendant correctly points out that FRE 414 has limitations relating to the use of evidence from Counts Two and Three to prove Count One, FRE 414 still permits evidence of the abuse C.C. endured before he turned 14 to prove the crimes alleged in Counts Two and Three. Additionally, the United States

2

submits that the conduct giving rise to Count One is "other act" evidence that is admissible in each of the other counts pursuant to FRE 404(b)(2). Conversely, the conduct giving rise to the allegations in Counts Two and Three is "other act" evidence that is admissible in the trial of Count One. Moreover, because the victims in Counts One and Two (C.C. and B.A.) are depicted in sexually explicit images on the same computer recovered from the defendant's van and charged in Count Four, the evidence between these counts is intertwined and overlapping. Thus, any prejudice caused by joinder would be minimal compared to the costs of severance and such prejudice could be corrected by a jury charge. The counts should be joined for trial; the United States objects to the defendant's motion to sever.

## FACTUAL AND LEGAL BACKGROUND

1. **FACTS**

In short, Count One charges the defendant with transporting C.C. from Tennessee to Florida to sexually exploit C.C. At the time of the offense, C.C. was older than 14 and younger than 18. However, C.C. will testify that the defendant began molesting him when he was approximately 10 years old. The United States has recovered and will offer images and videos of the defendant molesting C.C. before C.C. turned 14. In a trial involving the allegations in Count One, the United States anticipates calling C.C. to testify that the defendant began sexually

3

molesting him when he was approximately 10. C.C. will identify images consistent with this testimony. C.C. will testify that when he was 16, the defendant transported him to Florida where again, the defendant sexually exploited him and created images of the exploitation.

Count Two alleges that the defendant sexually exploited B.A. in 2006 to 2007 to create a visual depiction of the sexual abuse. The government has recovered a video of the sexual abuse; it clearly depicts B.A. and the defendant. The offense occurred while B.A. was less than 14. In a trial involving Count Two, the United States anticipates that B.A. would identify images depicting the defendant sexually abusing him. The United States also anticipates that B.A. would identify screenshot images of a sexual abuse video depicting B.A. and the evidence would show these images are on the same computer that held sexually explicit images of C.C.

Count Three alleges the defendant sexually exploited J.G. in 2018 to create a visual depiction of the sexual abuse. The government has recovered a video of the exploitation; it clearly depicts J.G. and the defendant. The offense occurred while J.G. was less than 14.

Count Four alleges the defendant possessed child pornography from at least as early as June 2018 and continuing until June 2021. The United States anticipates that the evidence will show that the defendant possessed numerous

4

images of child pornography and that some of those images included numerous images of C.C.—the victim in Count One, which the defendant now moves to sever. In a trial involving the allegations in Count Four, the United States anticipates that C.C. would testify that some of the images the defendant possessed, as alleged in Count Four, are of him, that they were produced by the defendant, and that C.C. was a minor when the images were made. C.C. will also identify sexually explicit images of himself found on a computer in the defendant's van and on devices in the defendant's home when it was searched in 2021. The United States also anticipates that the victim in Count Two, B.A., would identify himself depicted in images on the computer that contained images of C.C.

Count Five alleges that the defendant was a convicted sex offender when he committed the offense alleged in Count Three.

## 2. LAW

Joinder is governed by Federal Rules of Criminal Procedure 8 and 14. Rule 8(a) allows joinder of offenses if they are "of the same or similar character," "based on the same act or transaction," or connected by a "common scheme or plan." Rule 14 allows severance (or any other relief) if joinder raises a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 539 (1993).

5

The Sixth Circuit has held that Rule 8(a) "should be construed in favor of joinder." (*United States v. Deiz*, 577 F.3d 672, 691-92 (6th Cir. 2009) *quoting United States v. Hatcher*, 680 F. 2d 438, 440 (6th Cir. 1982)). This Court should broadly construe Rule 8(a) to "promote the goals of trial convenience and judicial efficiency." (*United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) *citing United States v. Wirsing*, 719 F.2d 859, 863 (6th Cir. 1983)). In determining whether counts are similar, "[s]imilar does not mean identical." *United States v. Boulanger*, 444 F.3d 76, 87 (1st Cir. 2006). To prevail on a severance motion, a defendant must show "compelling, specific, and actual prejudice from the court's refusal to grant the motion to sever…" *United States v. Ross*, 703 F.3d 856, 885 (6th Cir. 2012). Judicial economy is the primary consideration in deciding whether to sever properly joined offenses. *See United States v. Swift,* 809 F.2d 320, 322 (6th Cir. 1987) (noting that, when considering joinder, "the predominant consideration is whether joinder would serve the goals of trial economy and convenience…")

Generally, the decision of whether to join offenses "is determined by the allegations on the face of the indictment." *Thomas v. United States,* 849 F. 3d 669, 675 (6th Cir. 2017.) Joinder is within the sound discretion of the Court and is reviewed "under an abuse of discretion standard." *United States v. Tran,* 433 F.3d 472, 477 (6th Cir. 2006). Additionally, as noted by Fed. R. Crim. P. 14, this Court

6

can, instead of severing the case, "provide any other relief that justice requires."
That is, the Court can address any issues with "proper curative instructions" directing the jury to "consider separately…the evidence that relates to each charge." *United State v. Chavis,* 296 F.3d 450, 461-62 (6th Cir. 2002) *citing United States v. Lane,* 474 U.S. 438, at 450 n. 13 (1986).

In this case, the law squarely favors joinder.

## ARGUMENT

The defendant makes three arguments. First, he argues Count One is not "legally similar" to the other Counts. (*See* Motion to Sever Count One, PageID# 719.) Second, he claims FRE 414 "does not allow the admission of evidence of other alleged acts to be introduced with respect to Count One" because C.C. was older than 14 at the time of the offense. (*See* Motion to Sever Count One, PageID# 719-20.) Finally, because FRE 414 precludes all evidence from Count One in the proof of the crimes alleged in Counts Two and Three, failure to sever Count One is unfairly prejudicial. For the reasons outlined below, the arguments are not persuasive, and the defendant's motion should be denied.

1. **SIMILARITY**

The defendant first argues that Count One is not "legally similar" to the other counts. But Fed. R. Crim. P. Rule 8(a) is focused on the facts, not "legal" or elemental similarities—which is why the rule says "similar character" instead of

7

"legally similar." The crimes alleged in this case are factually very similar: in each instance, the defendant enticed young boys, sexually exploited them, and produced images of the sexual exploitation. In Count One, after having abused C.C. since C.C. was 10, the defendant transported C.C. to Florida, sexually abused him, and created images of the abuse. The other cases are nearly identical, except for the travel to Florida. Indeed, the only meaningful difference between Count One and Counts Two and Three is the technical way the charges are pled. Most importantly, using the language of Rule 8(a), the "character" of the conduct alleged in Count One is both the "same" and "similar" to the conduct in the other counts and each are certainly part of a "common plan."

## 2. FEDERAL RULE OF EVIDENCE 414

The defendant next argues that Federal Rule of Evidence 414 does not by itself permit the admission of the evidence from Count One to prove Counts Two and Three, and vice versa. The defendant is correct in pointing out that because of C.C.'s age when Count One is alleged to have occurred, that FRE 414 does not, standing alone, permit the admission of other act evidence as proof of the allegations in Count One. But by its own language, Rule 8(a) does not have an overlapping evidence test--the test concerns similarity in character and common plan—this case passes this test. Regardless, as described below, there *is* significant

8

overlap in admissible evidence between Counts One and the other counts and admissibility via FRE 414 does apply in this case.

Notwithstanding the limits of FRE 414 as pointed out by the defendant, there is still significant overlap in the evidence to be presented for Counts One through Four. For instance, C.C. will testify that the defendant began abusing him when he was 10 years old. To corroborate his testimony, the United States intends to offer images of the defendant abusing C.C. before C.C. turned 14 years old. This evidence *is* admissible under FRE 414 in the cases involving both B.A. and J.G. That is, the defendant's sexual abuse of C.C. when C.C. was less than 14 is evidence of "any other child molestation" being offered in criminal cases in which the defendant is "accused of child molestation." *See* FRE 414. If Count One is severed, the United States would still, via FRE 414, seek to offer C.C.'s testimony and the images of the defendant molesting C.C. before C.C. turned 14 as evidence of propensity in the other counts.

Next, C.C.'s testimony describing the acts of molestation before *and after* he turned 14 is admissible in all the counts as "other acts" evidence pursuant to Federal Rule 404(b)(2). Other acts evidence under FRE 404(b)(2) is probative of a material issue other than character when "(1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it

9

is offered." (United States v. Jenkins, 345 F. 3d 928, 937 (6th Cir. 2003) quoting United States v Haywood, 280 F.3d 715, 720 (6th Cir. 2002))

To prove the allegation in Count One, the United States must prove that one of the reasons the defendant transported C.C. to Florida was he intended to engage in criminal sexual activity with C.C. Evidence that the defendant was sexually molesting C.C. since C.C. was ten years old, long before the trip to Florida occurred, is evidence of the defendant's intent in transporting C.C. to Florida. Under FRE 404(b)(2), evidence that proves intent is listed as a specific kind of admissible "other act" evidence. Moreover, evidence of the defendant's abuse and creation of videos of C.C., both before and after he turned 14 years old, is evidence of the defendant's intent when he committed the offenses against B.A. and J.G as alleged in Counts Two and Three.

Evidence of the defendant abusing C.C. (both before and after C.C. turned 14) meets all three conditions for admission in Counts One, Two, and Three under FRE 404(b)(2): (1) intent is an element to each charge alleged in Counts One, Two, and Three; (2) intent is a material issue because the defendant will likely argue the purpose of the Florida trip was for reasons other than molesting C.C., and he will argue his purpose in exploiting B.A. and J.G. was for the exploitation itself, not for creating images; (3) finally, the evidence of other abuse is highly probative of intent.

Additionally, the United States anticipates that the evidence will show that the defendant's overall plan included the creation of a homemade library of sexual exploitation images and videos. The United States expects that the evidence will show that the computer seized from the defendant's van in June 2021 contained images of both C.C. and B.A. Thus, evidence that the defendant knowingly and intentionally possessed images of child pornography as alleged in Count Four will include testimony from B.A. and C.C. Thus, Count One, Count Two, and Count Four are integrally related: the victim from Count One and Count Two will identify themselves in the defendant's illegal child pornography collection as is charged in Count Four. Accordingly, "[w]hen the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate." (*United States v. Wirsing,* 719 F. 2d 859, 863 (6th Cir. 1983) *quoting United States v. Anderson,* 642 F.2d 281, 284 (9th Cir. 1981)).

### 3. PREJUDICE

Finally, the defendant argues that evidence from other counts will prejudice his defense of Count One. But the evidence supporting Count One alone—numerous images of the defendant exploiting C.C. (including a video of the defendant urinating on the victim while they are both unclothed in a bathtub) and C.C.'s testimony of being molested by the defendant—will be before the jury even if the case is severed. The prejudice caused by presenting the additional evidence

11

in B.A.'s case and J.G.'s case is not, above and beyond the prejudice of the evidence in Count One alone, significantly more prejudicial than would occur in a trial of Count One alone. The defendant does not say how the admission of the additional evidence beyond that which Count One entails is so prejudicial to be beyond a curative instruction or so prejudicial as to require severance. In sum, he cannot show how the additional evidence presented due to joinder raises a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 539 (1993).

## CONCLUSION

In summary, the defendant's conduct in each count is of the same character and is a common plan—a plan to entice young boys, sexually exploit them, and create images of the exploitation. The conduct underlying Counts One, Two, and Three is remarkably similar. Counts One, Two, and Four are integrally related because the victims in One and Two are found on the same computer in the defendant's child pornography collection as alleged in Count Four. The defendant's evidentiary argument based on a limitation in FRE 414 is technically correct but limited in its effect in this case: C.C.'s testimony and the corroborating photographs of his abuse before he turned 14 is still admissible as evidence of propensity in Counts One and Two. Additionally, the same evidence, as well as

12

the abuse he suffered in Florida after turning 14, is admissible pursuant to FRE 404(b)(2) to prove Counts Two and Three (and vice versa). Severance would require C.C. to testify to the same abuse twice—first in a trial of Count One; second in a trial of Counts Two, Three, and Four pursuant to FRE 414 and 404(b)2 in Counts Two and Three, and as a direct witness in Count Four.

    Joinder is proper and the defendant's motion should be denied.

                              Respectfully Submitted,

                              FRANCIS M HAMILTON III
                              UNITED STATES ATTORNEY

By:   *s/James T. Brooks*
       JAMES T. BROOKS, BPR #021822
       Assistant United States Attorney
       1110 Market Street, Suite 515
       Chattanooga, Tennessee 37402
       (423) 752-5140
       james.brooks@usdoj.gov