UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br><br>vs.<br><br>MARK ALAN DEAKINS,<br>*Defendant*. | )<br>)<br>)<br>) No. 1:21-cr-00058-CEA-SKL<br>)<br>)<br>)<br>) |

**POST-HEARING BRIEF**

COMES NOW Mark Alan Deakins and, pursuant to the Court's oral order, *see* [DE 112 (2/13/23 Minute Entry), PageID# 881], respectfully submits the following post-hearing brief with respect to the Second Motion to Suppress, [DE 101 (1/28/23 2nd Motion to Suppress), PageID# 650], which supplements but does not supplant the arguments previously made in writing and orally.[1]

### I. Both Warrants Were Invalidly Issued.

At the hearing, the Government conceded that it bore the burden of proof that the warrants at issue satisfied the procedural requirements of the Fourth Amendment.

---

[1] Although undersigned counsel has submitted an electronic voucher for the preparation of the hearing transcript, the transcript has not yet been filed. All factual assertions are taken from undersigned counsel's memory and/or notes. Undersigned counsel apologizes if those items differ from the official transcript once filed.

1

Those requirements include that the warrants used *both* words of reference *and* physical attachment to constitutionally incorporate anything from the mere warrant application. *Baranski v. Fifteen Unknown Agents of the BATF*, 452 F.3d 433, 440 (6th Cir. 2006) (*en banc*) (holding that a warrant can "satisfy the particularity requirement through an incorporated *and attached* document—at least when it comes to the validity of the warrant at the time of issuance" (citations omitted) (emphasis added)).[2] *Accord, e.g.*, *United States v. Leary*, 846 F.2d 592, 603 (10th Cir. 1988) ("Two requirements must be satisfied [to allow incorporation of a warrant affidavit]: first, the affidavit and search warrant must be physically connected so that they constitute one document; and second, the search warrant must expressly refer to the affidavit and incorporate it by reference using suitable words of reference." (citation omitted)). Absent one or both, the warrant is invalid, even if the warrant application contained sufficient specificity to have saved the warrant had it been validly incorporated. *See Groh v. Ramirez*, 540 U.S. 551, 557 (2004) ("The Fourth Amendment by its terms requires particularity *in the warrant*, not in the supporting documents." (citations omitted) (emphasis added)).

### A. Warrant One (for the House)

Mr. Deakins continues to concede that Warrant One used words of reference for

---

[2] In the Sixth Circuit, unlike in other circuits, attachments present at the time of issuance need not also be present at the time of execution. *See id.*

2

both Attachments A and B. *See* [RE 3 (6/10/21 Return), in 1:21-mj-97, at PageID# 26) ("…as described more fully in Attachment A…. See Attachment B, attached and incorporated herein")].

No evidence of physical attachment was, however, introduced, much less credible evidence. Because the Government agrees that it bore the burden, that lack of evidence is fatal to constitutional incorporation of Attachments A and B.[3] The Government has not claimed, much less established, that Warrant One could ever satisfy the Fourth Amendment's particularity requirements absent actual incorporation of Exhibits A and B. Nor could it. *See, e.g.*, *Marron v. United States*, 275 U.S. 192, 196 (1927) ("The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. *As to what is to be taken, nothing is left to the discretion of the officer executing the warrant*." (emphasis added)).

Even if both Attachments had been constitutionally incorporated, the warrant

---

[3] Because warrants are obtained *ex parte*, the Government is in the best position to affirmatively adduce evidence of actual attachment, as compared to Mr. Deakins' comparative difficulty in proving a negative. Consequently, it is appropriate for the Government to bear the burden of proof on that issue. *See, e.g.*, *United States v. Denver & R. G. R. Co.*, 191 U.S. 84, 92 (1903) ("[W]hen the opposite party must, from the nature of the case, himself be in possession of full and plenary proof to disprove [a] negative averment, and the other party is not in possession of such proof, then it is manifestly just and reasonable that the party which is in possession of the proof should be required to adduce it; or, upon his failure to do so, we must presume it does not exist, which of itself establishes a negative." (citations omitted)).

would still be invalid if it only authorized the search of electronics, whether found in cars or otherwise, "for which there is probable cause to believe pertain to Mark Alan DEAKINS….". [RE 2 (Attachment A to Affidavit), in 1:21-mj-97, PageID# 19]. The Government has not claimed that such discretion, if actually provided in the warrant, would have possibly satisfied the Fourth Amendment's particularity requirement, merely claiming instead that the warrant only provided discretion to look into cars associated with Mr. Deakins. As previously argued, and with all due respect to the Government, Mr. Deakins respectfully submits that the Government's reading of the warrant is the unreasonable one because it renders superfluous the previous item beginning "any vehicles parked within the vicinity of the SUBJECT PREMISES for which there is probable cause to believe are under the dominion and control of Mark Alan DEAKINS." [*Id.*].

### B. Warrant Two (Following Arrest)

Warrant Two has neither words of reference to Attachment A nor physical attachment of either Attachments A or B.

Warrant Two, on its face, makes no explicit reference at all to Attachment A. Without constitutional incorporation of Attachment A—which says what items can be seized if found—Warrant Two is invalid on its face on Particularity Grounds. Insofar as the Government seeks solace in the AO's warrant form recites that "I find that the affidavit(s), or any recorded testimony, establish probable cause to search

and seize the person or property described above, . . .," [RE 3 (6/18/21 return), in 1:21-mj-112, PageID# 15], that clam fails. While no particular words are prescribed, *some explicit* reference is required. *See, e.g.*, *United States v. Strand*, 761 F.2d 449, 453 (8th Cir. 1985) ("Though the affidavit did accompany the warrant, the warrant states only that 'affidavits have been made' and that 'grounds for application for issuance of the search warrant exist as stated in the supporting affidavit(s)' The warrant does not in any way incorporate the affidavit's listing of particular items reported missing."). *See also* [RE 108 (2/2/23 Opp. to 2nd Mot. To Suppress), PageID# 751 (Government's concession that "the attachments were not properly incorporated on the face of the warrant")].

No evidence of physical attachment of Attachment A or B was ever admitted.

**II.     *The Good-Faith Exception Cannot Apply*.**

Even though the Government agrees that it bears the burden of proof regarding good faith, *accord, e.g.*, *United States v. Stephens*, No. 4:21-CR-00019-JHM, 2022 U.S. Dist. LEXIS 85978, at *16 (W.D. Ky. May 11, 2022) (citation omitted), the Government has failed to present an evidentiary record sufficient to allow the invocation of the doctrine.

Because the particularity requirement appears in the plain text of the Fourth Amendment—as Agent Moore himself admitted to reading and understanding— failures of particularity were specifically mentioned in *United States v. Leon*, 468

5

U.S. 897 (1984), as instances in which the good-faith exception may not apply. *Id.* at 923 ("[A] warrant may be so facially deficient -- *i.e.*, in failing to particularize the place to be searched or the things to be seized -- that the executing officers cannot reasonably presume it to be valid." (citation omitted)).[4]

Agent Moore did not testify that he thought that Attachments A and B were physically affixed to the warrants when they were signed. Nor did he testify that he was unaware of the need for physical attachment. Nor did he testify that the warrants had to be obtained in a rush. Nor did he testify as to any verbal statements from Judge Steger specifically assuring him that the warrant did satisfy the particularity requirement. *Contra, e.g.*, *Massachusetts v. Sheppard*, 486 U.S. 981, 986 (1984) (applying good-faith exception where the officer identified a defect in the form but the magistrate "returned the affidavit and the warrant to [the officer], informing him that the warrant was sufficient authority in form and content to carry out the search as requested"). Further, because the two warrants were not sealed, a reasonable officer could not have thought (and SA Moore did not say that he actually thought) that the

---

[4] Insofar as the Government at oral argument analogized good faith to qualified immunity, undersigned counsel would note that *Groh* was a § 1983 case in which qualified immunity was denied. *Groh*, 540 U.S. at 554 ("Given that the particularity requirement is set forth in the text of the Constitution, no reasonable officer could believe that a warrant that plainly did not comply with the requirement was valid." (citation omitted)).

6

Attachments A and B were not affixed to the warrants for that reason. The Government has offered no evidence as to policies and procedures in place to prevent this constitutional violation originally, nor new policies and procedures put in place afterwards.

Good-faith analysis depends on the facts that the Government adduces in a particular case. Perhaps in some other case, the Government can sustain its burden. Not so here.

## Conclusion

The Court should find that the Government failed its burden of proof as to both warrants, and seize all evidence purportedly obtained through them.

Dated: February 21, 2023

Respectfully submitted,

Mark Alan Deakins

s/Howard W. Anderson III
Howard W. Anderson III
B.P.R. No. 34693

Truluck Thomason LLC
3 Boyce Ave.
Greenville, SC 29601
864-331-1751 (Ph)
1-888-501-1704 (toll free)
howard@truluckthomason.com

or

PO Box 2242
Cleveland, TN 37320-2242

## CERTIFICATE OF SERVICE

    I, Howard W. Anderson III, certify that I filed a copy of the foregoing paper using the Court's CM/ECF system, which will deliver a copy to all counsel of record except for the following, whom I have this day served by U.S. Mail:

    n/a

s/Howard W. Anderson III
Howard W. Anderson III
