**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:21-cr-58 |
| v. | ) | Judge Atchley |
| | ) | Magistrate Judge Lee |
| MARK ALAN DEAKINS | ) | |

**ORDER REGARDING REPORT AND RECOMMENDATION**

On February 28, 2023, United States Magistrate Judge Susan K. Lee issued a Report and Recommendation ("R&R") [Doc. 119] recommending that Defendant Mark Deakins' Second Motion to Suppress [Doc. 101] be denied. Defendant, through counsel, filed objections to the R&R on March 13, 2023. [Doc. 124]. The Government filed its response to the objections on March 20, 2023. [Doc. 125].

For the reasons explained below, Defendant's objections to the R&R are **OVERRULED**. The R&R [Doc. 119] is **APPROVED** and **ADOPTED** as the opinion of the Court.

## I. STANDARD OF REVIEW

The Court reviews *de novo* any objections to an R&R. 28 U.S.C. § 636(b); *United States v. Quinney*, 238 F. App'x 150, 152 (6th Cir. 2007) ("It is well-settled that upon proper objection by a party, a district court must review de novo a magistrate judge's ruling on a motion to suppress."). The Court may accept, modify, or reject the findings or recommendations in whole or in part. *Logan v. City of Chattanooga, Tenn.*, 2019 WL 4888890, at *1 (E.D. Tenn. Oct. 3, 2019).

## II. FACTUAL AND PROCEDURAL BACKGROUND

At issue before Magistrate Judge Lee was the validity of two warrants issued by a judge of this Court ("First Warrant" on June 2, 2021, and "Second Warrant" on June 18, 2021). Defendant sought to suppress all evidence seized during the execution of the First and Second Warrants alleging various violations of the Defendant's Fourth Amendment rights. [Doc. 119 at 1]. The magistrate judge ultimately concluded that all of the evidence obtained from the execution of both Warrants is admissible.[1] [Doc. 119 at 27]. The Defendant's relatively broad objections make it difficult for the Court to identify specific objections to Judge Lee's findings of fact and conclusions of law. Despite the lack of clear, targeted (proper) objections to the findings listed in footnote 1, the Court has attempted to identify what specific objections Defendant seeks to raise.

The Court believes Defendant to be objecting to the following: 1) the Warrants were fatally defective because incorporation requires both words and physical attachment [Doc. 124 at 3-4]; 2) the Second Warrant's lack of incorporation of Attachment A should result in the suppression of all ensuing evidence [Doc. 124 at 5-7]; 3) the First Warrant faced issues relating to physical attachment and alleged delegation of probable cause determination, necessitating the suppression

[1] The magistrate judge made these specific findings of fact and law: 1) even though the First Warrant references Attachment A and expressly states Attachment B is "attached and incorporated herein," neither Attachment A nor Attachment B was physically attached to the First Warrant at relevant times [Doc. 119 at 4]; 2) even though the Second Warrant states Attachment B is attached and incorporated, Attachment B was not physically attached to the Second Warrant at relevant times [Doc. 119 at 7]; 3) Attachment A, which is not mentioned in the Second Warrant at all, was not physically attached to the Second Warrant at relevant times or expressly incorporated into the Second Warrant [Doc. 119 at 7]; 4) the Second Warrant satisfies the constitutional requirement of particularity in describing the property to be searched [Doc. 119 at 14]; 5) a neutral magistrate judge provided proper oversight, ensuring probable cause existed and preventing the issuance of general warrants [Doc. 119 at 20]; 6) the Second Warrant was not so "facially deficient…that the executing officers [could not] reasonably presume it to be valid." [Doc. 119 at 22]; 7) the officers' reliance on the Second Warrant was objectively reasonable, and even in the face of potentially close-call deficiencies, application of the exclusionary rule would not provide a deterrent benefit outweighing the substantial cost of exclusion [Doc. 119 at 23]; 8) all evidence obtained pursuant to the Second Warrant is admissible here [Doc. 119 at 23]; 9) the officers' reliance on the First Warrant was objectively reasonable, and even in the face of potentially close-call deficiencies, application of the exclusionary rule would not provide a deterrent benefit outweighing the substantial cost of exclusion [Doc. 119 at 27]; and 10) accordingly, all evidence obtained pursuant to the First Warrant is admissible. [Doc. 119 at 27].

of all resulting evidence [Doc. 124 at 8-12]; and 4) the good faith exception does not apply here. [Doc. 124]. The Government promptly responded to Defendant's objections. [Doc. 125]. The Court will now attempt to address the objections, starting with a recitation of the undisputed relevant facts.

According to the briefing, there were no significant factual disputes at the suppression hearing. The following are not in dispute: 1) the affidavits in both search warrants established probable cause; 2) both Attachments were presented to the magistrate judge and considered when the warrants were issued; 3) Special Agent Moore, the affiant, led the execution of the First Warrant, held the Warrant and the Attachments in a folder during its execution, and cabined the search based on the Attachments; 4) the vehicles at the residence were not searched; 5) FBI Examiner Rinaldi used Attachments A and B to cabin his Second Warrant search; 6) the defendant claims no prejudice from the scope of the searches, and no items seized under either warrant are argued to be outside the scope of the warrants; and 7) there is no evidence or argument that either Agent Moore or Examiner Rinaldi acted in bad faith in their searches. Beyond a small dispute over alleged ambiguity in Attachment A of the First Warrant, there is no dispute that both warrants met the particularity requirement of the Fourth Amendment.

## III. ANALYSIS

### a. Defendant's Objection Regarding Incorporation Requirements

The Defendant objects to the magistrate judge's characterization of the Sixth Circuit's requirements for incorporation of an attachment. Specifically, he points to the Sixth Circuit's statement that the four corners of a warrant can be expanded "through an incorporated and attached document…at the time of issuance." *Baranski v. Fifteen Unknown Agents of the BATF*, 452 F. 3d 433, 440 (6th Cir. 2006). The crux of Defendant's objection is that an exhibit to a warrant must be

physically attached to that warrant. Defendant mischaracterizes the holding of *Baranski*. The *Baranski* holding did not concern physical attachment. Rather, the central question was whether a search pursuant to a warrant was proper when a cross-referenced supporting affidavit, reviewed by the magistrate judge prior to issuance, was not physically present with the warrant during the search.[2] The district court and the appellate court both concluded that the absence of the cross-referenced affidavit listing the items to be seized did not render the search violative of the Fourth Amendment. In short, the *Baranski* search was proper, notwithstanding the absence of a physical copy of the cross-referenced affidavit. It is difficult to see how the Defendant can characterize that holding as requiring physical attachment of an incorporated document.

As the Government correctly argues, Sixth Circuit precedent does not require physical attachment at issuance or execution. *See United States v. Evans Landscaping Inc.*, 850 F. App'x 942, 948 (6th Cir. 2021) (generally stating that there is no meaningful difference between subdocuments appended to a warrant application and documents directly attached to a warrant); *United States v. Gahagan*, 865 F. 2d 1490, 1497 (6th Cir. 1989) (holding a search was valid even though an affidavit was not attached to the warrant, because the affiant executed the warrant). The Court agrees with the Ninth Circuit's plain explanation: "We simply do not believe that the Constitution requires us to draw the line between lawful and unlawful searches according to the presence or absence of a staple, a paper clip, a bit of tape, or a rubber band." *United States v. Towne*, 997 F. 2d 537, 547 (9th Cir. 1993). The Attachments were presented to the magistrate judge and considered as part of the decision to issue the warrants in question. The Attachments cabined both searches. The absence of a physical staple connecting the Attachments to the warrants does not render them violative of Defendant's Fourth Amendment rights. Accordingly,

[2] The affidavit in question there had been placed under seal to protect confidential sources. *Baranski* at 436.

Defendant's objection to the magistrate judge's findings and characterization of the Incorporation Requirements is **OVERRULED**.

### b. Defendant's Objection Regarding the Second Warrant

Defendant asserts that all evidence obtained pursuant to the Second Warrant should be suppressed, arguing that it was so facially defective that it could not accurately state what evidence the Government was to search for, and thus is void under the Fourth Amendment. [Doc. 124 at 5].[3] Defendant argues that such a mistake is so egregious and glaring that it should render the Second Warrant invalid, resulting in the suppression of all evidence obtained under the Second Warrant. The magistrate judge was aware of this deficiency and specifically addressed it, finding "the Second Warrant was not so 'facially deficient…that the executing officers [could not] reasonably presume it to be valid.'" [Doc. 119 at 22]. It is not contested that Magistrate Judge Steger – who issued the Second Warrant – considered both Attachments. Accordingly, Defendant's argument that the Second Warrant issued without particularity of the items to be seized is unpersuasive, despite the typographical error on the application. Similarly, officers accustomed to seeing "Attachment B" in the items-to-be-seized field would not reasonably be expected to notice the labelling mix-up by the USAO. They would recognize that both Attachments were presented to the magistrate judge, and that the application appeared "in-order."

Defendant's assertion that suppression is required lacks merit. The Report and Recommendation correctly concludes that all evidence obtained pursuant to the Second Warrant

[3] There is no disagreement that the Second Warrant erroneously incorporated Attachment B in the items-to-be-seized section of the warrant form. This was a clerical error due to mistaken labeling used on the attachments in the reverse order of the normal standard within the U.S. Attorney's Office. Normally Attachment A is for the location to be searched and Attachment B is for the items to be seized. [Doc. 125 at 3]. Here, Attachment B described the location to be searched, making its incorporation in the items-to-be-seized section erroneous.

is admissible under the instant circumstances. [Doc. 119 at 23]. Defendant's objection to the admissibility of evidence discovered under the Second Warrant is **OVERRULED**.

**c. Defendant's Objection Regarding the First Warrant**

Defendant's objection involving the First Warrant is two-fold. He argues 1) that Attachments A & B were not physically attached at issuance and therefore could not have been incorporated to satisfy the Particularity Clause; and 2) that the First Warrant impermissibly delegated the probable cause determination to law enforcement to decide which electronics to search. [Doc. 124 at 8]. The Court has already overruled Defendant's objections surrounding attachment issues and now turns to Defendant's claims about delegated probable cause.

Defendant's argument here revolves around the specific language in Attachment A. Defendant argues that Attachment A explicitly conditioned searches of computers and other electronics upon an on-the-scene determination that such electronics belonged to Defendant. [Doc. 124 at 10]. The disputed language is as follows:

> This search shall include all rooms and garages or storage spaces, attached or unattached, that are associated with SUBJECT PREMISES; any containers, locked or unlocked, located within or attached to the SUBJECT PREMISES; any vehicles parked within the vicinity of the SUBJECT PREMISES <u>for which there is probable cause to believe are under the dominion and control of Mark Alan DEAKINS, as evidenced by any keys, registration documents, or other evidence found inside the SUBJECT PREMISES</u>; and any computers, cell phones, or other digital media devices found in SUBJECT PREMISES or within vehicles, <u>for which there is probable cause to believe pertain to Mark Alan DEAKINS, as evidenced by being stored in a place with other personal effects of Mark Alan DEAKINS, or other evidence found inside the SUBJECT PREMISES</u>. (emphasis added)

[Doc. 124 at 10-11].

According to Defendant, the most natural reading of the disputed language is that "law enforcement can search vehicles for which probable cause belong to Mr. Deakins and can search electronics, whether found inside the home or a vehicle on the scene, so long as probable cause

says those electronics pertained to Mr. Deakins." [Doc. 124 at 11]. Defendant argues that this reading would impermissibly delegate the probable cause determination to officers on the scene, requiring them to decide whether probable cause existed that electronics in vehicles or the subject premises belonged to Defendant, rendering the warrant an anticipatory search warrant.

Upon review, the Court rejects Defendant's reading of the disputed language. To view the disputed language as delegatory, one must insert the Defendant's parenthetical phrase "whether found inside the home or vehicle on the scene." The Court does not believe the plain reading of the language in question supports this addition. It is clear to the Court that the phrase "for which there is probable cause to believe pertain to Mark Alan DEAKINS," references vehicles - the immediately preceding word. Vehicles were not searched pursuant to the First Warrant, thus no evidence was recovered from any vehicles. Accordingly, there is nothing in dispute here. The Warrant did not delegate the probable cause determination to executing officers with respect to electronics found within the subject premises. As the only electronics seized were found within the subject premises, questions about what was or was not authorized with respect to vehicles is irrelevant. Accordingly, this objection to the admissibility of evidence seized under the First Warrant is **OVERRULED.**

**d. Defendant's Objection Regarding the Good Faith Exception**

Defendant's final objection is that the good faith exception should not apply because 1) the attachments were not physically affixed to the warrants when they were issued; 2) Attachment A to the First Warrant is ambiguous and properly read, delegated the probable cause determination to the executing officers; and 3) the Second Warrant failed to incorporate Attachment A (describing the items to be seized), instead incorporating Attachment B (describing the place to

searched). In its analysis so far, the Court has touched on all these arguments, but will put a finer point on them here.

First, the Sixth Circuit does not require incorporated attachments be physically affixed to a warrant. Accordingly, there is no need to consider the good faith exception based on the lack of physical attachment as there is no deficiency.

Second, the Court is not persuaded by Defendant's interpretation of Attachment A to the First Warrant. Defendant's reading would add a parenthetical that is not present and alters the plain reading of the language. The disputed language in Attachment A only related to electronics that could potentially be found in vehicles. As no vehicles were searched pursuant to the First Warrant, there is no evidence to be suppressed based on this language.

Third, there is no dispute that Attachment B was erroneously incorporated in the Second Warrant in lieu of Attachment A. However, as discussed above, this error was clerical in nature, stemming from a reversal of the normal naming convention used by the U.S. Attorney's Office. There is no dispute that the magistrate judge issuing the Warrant considered both Attachments. It has also been established that Examiner Rinaldi's search pursuant to the Second Warrant was limited by both Attachments A and B. Importantly, Defendant has not established any misconduct by law enforcement that would be meaningfully deterred by suppression in this instance. [Doc. 119 at 23]. The error here was a clerical one, and this Court agrees with the magistrate judge that "reliance on the Second Warrant was objectively reasonable, and that, even if particularity was lacking in the language of the face of the Warrant and/or the Attachments, application of the exclusionary rule would not provide a deterrent benefit that would outweigh the substantial social costs of exclusion." [Doc. 119 at 23]. Accordingly, it is appropriate to apply the good faith exception to any evidentiary issues under the Second Warrant – all evidence obtained pursuant to

the Second Warrant is admissible under the circumstances. Accordingly, Defendant's objections to the application of the good faith exception are **OVERRULED**.

## IV. CONCLUSION

For all the reasons expressed above, Defendant Deakins' Objections [Doc. 124] to the Report and Recommendation [Doc. 119] are **OVERRULED**. The Court **ACCEPTS AND ADOPTS** the findings of fact and conclusions of law set forth in the Report and Recommendation [Doc. 119] and Defendant's Second Motion to Suppress [Doc. 101] is **DENIED**.

**SO ORDERED**.

**/s/ *Charles E. Atchley, Jr.***
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**