# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, | ) ) ) |
| vs. | ) No. 1:21-cr-00058-CEA-SKL ) |
| MARK DEAKINS, *Defendant*. | ) ) ) |

### MEMORANDUM CONCERNING PSR OBJECTIONS

COMES NOW Defendant Mark Deakins and would show the Court as follows with respect to the unresolved written objections to the Final Presentence Report ("PSR) [RE 166 (12/13/23 PSR) PageID# 2176]:

**Objection No. 1**. Mr. Deakins continues to assert his Fifth Amendment privilege against self-incrimination.

**Objection No. 3**. This objection remains for Court resolution. In addition to the argument already contained in the Addendum, Mr. Deakins would add the following: Even though the draft PSR did not so allege, *see* [RE 152 (8/8/23 Draft PSR), PageID# 2101, 2124], and even though the Government filed no objections to the draft PSR, the final PSR incorrectly claims that mandatory life imprisonment is required on Counts Two and Three under 18 U.S.C. § 3559(e). That section, in relevant part would require a life sentence on Counts Two and Three upon proof that Mr.

1

Deakins had "a prior sex conviction in which a minor was the victim…," 18 U.S.C. § 3559(e)(1).

The enhancement is not procedurally proper. It was not alleged in the Third Superseding Indictment. The Fifth Amendment prevents the Government from seeking to prove "material elements of an offense" other than those actually charged in the indictment." *United States v. Kuehne*, 547 F.3d 667, 683 (6th Cir. 2008).

On the merits, the enhancement cannot apply, either. For the purposes of the enhancement, a "'minor' means an individual who has not attained the age of 17 years." 18 USCS § 3559(e)(2). But the three allegedly qualifying state convictions were under statutes that are not categorical matches because those statutes authorize conviction for conduct with a person between more than 17 years old. *See* Tenn. Code Ann. § 39-13-506 (1998) (defining statutory rape as sex with a victim "at least thirteen (13) but less than eighteen (18) years of age...."); Tenn. Code Ann. § 39-17-1002(3) (1998) ("'Minor' means any person who has not reached eighteen (18) years of age[.]"); § 39-17-1003 (1998) (requiring for conviction possession of material of a "minor" engaged in sexual activity); § 39-17-1005 (1998) (requiring a "minor" to have participated in sexual activity for a conviction for especially aggravated sexual exploitation of a minor). The alleged state convictions do not thus qualify. And, although the argument is currently foreclosed in this Circuit, *see United States v.*

2

*Moore*, 567 F.3d 187 (6th Cir. 2009), the rule of lenity should apply to preclude application of § 3559(e) for convictions under § 2251, which has its own special enhancement scheme. If Congress had wanted the general §3559(e) to prevail over the specific § 2251 it would have said so—as it did with respect to crimes involving death of children and crimes of violence against children. 18 U.S.C. § 3559(d) (providing an enhancement for crimes resulting in the death of a child "notwithstanding any other provision of law"), (f) (providing enhancement for crimes involving violence to children "regardless of any maximum term of imprisonment otherwise provided for the offense").

**Objections 4-5**. These objections require resolution. If sustained, the total offense level for Count I would be either 19 or 27. In either case, Count 1 would then become disregarded for the purposes of the multi-count adjustment in § 3D1.4, causing the number of units to fall from 2.5 to 2. The corresponding adjusted offense level would fall from 43 to 42 (making the Guideline 360-life).

**Objection 7.** This objection remains, despite the additional testimony citations from the Probation Office. At the time of the alleged abuse, Mr. Deakins did not have authority over B.A. equal to what "a parent, relative, or legal guardian" would have when alone with B.A. The rationale for the enhancement is not specified. Nonetheless, undersigned counsel suggests that the Sentencing Commission was likely focused on trappings of authority that further increase the power imbalance that

comes with age and thus facilitate sexual activity and/or hinder its discovery. Those *in loco parentis* trappings of authority are not present here.

**Objection 8.** This objection remains despite the additional description of the photos added to the PSR. The items alleged do not constitute sexual acts or contact with the meaning of the statute, as indicated in the objection.

**Objection 10**. This objection remains. If the Court determines that Mr. Deakins is indigent (and undersigned would counsel that he has been appointed due to Mr. Deakins' indigence), then the mandatory $5,000 assessment will not apply. At least some additional assessment of "not more than $17,000" is required on Count 4 under 18 U.S.C. § 2259A(a)(1). Especially given indigence, Mr. Deakins submits that the appropriate supplemental assessment ought to be $1 (plus the $100 per count special assessment, for a total of $501). *See* 18 U.S.C. § 3572(a)(1) (directing Court to consider, among other things, "the defendant's income, earning capacity, and financial resources").

**Objections 11-13.** These objections remain. Counsel stands on the prior submission for argument.

**Objection 16.** This objection remains. J.M. was not a named victim with respect to any Count in the Third Superseding Indictment and is not entitled to any restitution.

**Objection 17**. This objection remains. Undersigned counsel continues to believe

4

that a term of years is appropriate to encourage defendants *in other similar cases* to consider bench trials, for the benefit of alleged victims. Furthermore, a term of years will increase the likelihood that restitution can be satisfied (as Mr. Deakins will be required to work after release and/or can receive Social Security payments once out of prison). *See* 18 U.S.C. § 3553(a)(6) (requiring courts to consider "the need to provide restitution to any victims of the offense").

Dated: January 5, 2024

Respectfully submitted,

MARK DEAKINS

s/Howard W. Anderson III
Howard W. Anderson III
B.P.R. No. 34693

TRULUCK THOMASON LLC
3 Boyce Ave.
Greenville, SC 29601
864-331-1751 (Ph)
1-888-501-1704 (toll free)
howard@truluckthomason.com

or

PO Box 2242
Cleveland, TN 37320-2242

# CERTIFICATE OF SERVICE

 I, Howard W. Anderson III, certify that I filed a copy of the foregoing paper using the Court's CM/ECF system, which will deliver a copy to all counsel of record except for the following, whom I have this day served by U.S. Mail:

 n/a

s/Howard W. Anderson III
Howard W. Anderson III
